**Saul Edward REED, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 09–91–112 CR.**

Court of Appeals of Texas,
Beaumont.

Nov. 6, 1991.

Rehearing Denied Dec. 5, 1991.

Mike VanZandt, Beaumont, for appellant.

Tom Maness, Dist. Atty., John R. De-Witt, Asst. Dist. Atty., Beaumont, for state.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Judge.

This is an appeal from a conviction for the felony offense of Possession of a Controlled Substance (cocaine). Following the trial court's denial of appellant's Motion to Suppress the Evidence, appellant pleaded guilty to the trial court. The trial court found appellant guilty and sentenced appellant to ten (10) years confinement in the Institutional Division of the Texas Department of Criminal Justice. In addition, appellant was assessed a fine of $1,000. The trial court suspended the imposition of the sentence of incarceration and placed appellant on probation for ten (10) years. At the time of sentencing, the trial court granted appellant permission to appeal the denial of the suppression motion.

Appellant's sole point of error states, "The trial court erred in overruling Appellant's motion to suppress for the reason that the evidence supporting Appellant's conviction was illegally obtained in violation of the Texas Health and Safetey (sic) Code, and therefore inadmissible pursuant to Texas Code of Criminal Procedure Ann. Art. 38.23 (Vernon 1979 & Vernon Supp.

1991)." Appellant and the State entered into a stipulation of testimony which is made part of the transcript in this cause. The crux of the offense, and basis for appellant's complaint, is contained in the following portion of the stipulated testimony:

If Officer George Nedd is called to testify in this cause, Officer George Nedd would testify that: the Defendant, SAUL EDWARD REED, was a passenger in a vehicle that approached Officer Nedd on July 6, 1990, at 10:00 P.M. in the 300 block of MLK Parkway in Beaumont, Jefferson County, Texas, that the driver asked for a "twenty" (meaning a $20.00 piece of rock cocaine), that Officer Nedd handed the passenger the baggie of rock cocaine he received from Sgt. Wickland, that the defendant sitting in the back seat handed Officer Nedd two $10.00 bills for a rock of cocaine, that once this transaction occurred, Officer Nedd told the defendant to "pick you one," that this expression means that the transaction occurred and that the arrest team moved in and arrested the defendant and the driver, Harvey Kenneth Gipson.

Appellant advances the argument that because Beaumont Police Officer George Nedd was the individual who actually *delivered* the cocaine made the basis for appellant's subsequent arrest and prosecution, such an act was "illegal" under Texas laws and any evidence obtained "by or through such illegal act should not have been admitted in evidence against Appellant."

Appellant relies, exclusively, on TEX.CODE CRIM.PROC.ANN. art. 38.23 (Vernon Supp. 1991), which provides, in pertinent part:

(a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

Appellant contends that because TEX. HEALTH & SAFETY CODE ANN. § 481.112 (Vernon Pamphlet 1991), which makes manufacture or delivery of a controlled substance in Penalty Group 1 a criminal offense, does

not contain an exception for police officers engaged in official police duties or activities, that the language in art. 38.23 precludes admission of the contraband involved in the delivery to appellant.

Appellant makes the very compelling point that the chapters of the Health & Safety Code immediately following Chapter 481 do provide such exceptions or defenses with regard to such police conduct. *See,* §§ 482.002(b), 483.041(c)(5), and 483.042(b).

■ We recognize at the outset that art. 38.23, also known as the Exclusionary Rule, has, as its primary purpose, the deterrence of police activity which could not have been reasonably believed to be lawful by the officers committing same. *United States v. Peltier,* 422 U.S. 531, 95 S.Ct. 2313, 45 L.Ed.2d 374 (1975); *Drago v. State,* 553 S.W.2d 375 (Tex.Crim.App.1977). As compelling as the above argument is in appellant's behalf, one could argue the same in behalf of Officer Nedd and the arrest team on the evening in question. In light of the exemptions clearly set out in § 482.002(b) [involving unlawful delivery or manufacture with intent to deliver *simulated* controlled substances], and §§ 483.-041(c)(5) [involving possession of a dangerous drug], and 483.042(b) [involving delivery or offer of delivery of a dangerous drug], a police officer may reasonably believe that so long as he is acting in his capacity as a police officer, his conduct, encompassing an actual delivery of a controlled substance, is statutorily exempt from prosecution. Certainly an officer who has worked undercover on cases involving § 481.126, which deals with illegal expenditure or investment of funds to further the commission of a variety of aggravated drug offenses, would have every reason to believe that the officer's role as "seller of contraband" lawfully permits the officer to transact drug business in the guise of a seller. We see all of this as one factor in our decision on this issue. A second factor necessitating discussion deals with what

we perceive to be the scope of art. 38.23. Article 38.23 expressly involves "... evidence *obtained* by an officer ..." in violation of state or federal laws. In the instant case, appellant does not claim that probable cause for the stop of the vehicle in which he was a passenger did not exist, nor does he claim a lack of probable cause for his subsequent search and arrest. Indeed, the record on its face appears amply supplied with probable cause for appellant's arrest for possession of a controlled substance.

We do not agree with appellant when he says that, "..., in the instant case, Appellant was convicted upon evidence obtained in direct violation of Section 481.112(a) of the Texas Controlled Substances Act." Although possibly repugnant to law enforcement personnel, the instant facts may be likened to a delivery of a controlled substance between ordinary citizens. The initial delivery is an offense for which the deliverer is wholly open to prosecution. The buyer then becomes a possessor of the illegal substance and is also wholly open to prosecution, but under an entirely different section of the Controlled Substances Act. *Compare,* § 481.112 and § 481.115. By the above analogy we are not deciding or even implying that the police personnel involved in the instant case are open to prosecution under § 481.112. That is an issue upon which, we believe, both parties would like to have us rule. We decline to do so as we find that the evidence used to prosecute appellant was not obtained in violation of art. 38.23, nor in violation of the closely related "fruit of the poisonous tree" doctrine. *See, Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *Crosby v. State,* 750 S.W.2d 768 (Tex.Crim.App.1987), *cert. denied,* 486 U.S. 1055, 108 S.Ct. 2821, 100 L.Ed.2d 922 (1988). Any further discussion would be merely advisory and may be seen as an attempt to persuade the appropriate prosecuting authority one way or the other. While we take note of the glaring inconsistency between Chapter 481 and Chapters

482 and 483 with regard to the legality of such undercover police operations as were involved in the instant case, we feel that any further guidance in this area should come from the legislature in the form of statutory revision. Point of error one is overruled, and the judgment and sentence of the trial court is affirmed.

AFFIRMED.