Marvin Barnard CURRY, Appellant,

v.

The STATE of Texas, Appellee.

Nos. A14–91–01054–CR, A14–91–01057–CR.

Court of Appeals of Texas, Houston (14th Dist.).

May 21, 1992.

Discretionary Review Refused Sept. 23, 1992.

Kristine C. Woldy, Houston, for appellant.

Mary Lou Keel, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

Marvin Barnard Curry, appellant, was indicted for delivery and possession of cocaine, a controlled substance, weighing less than 28 grams, enhanced by a prior felony conviction for possession of cocaine, a controlled substance. Appellant filed a motion to suppress evidence which the trial court denied. Appellant pled not guilty, and the court found him guilty on both charges. The trial court assessed punishment on each charge respectively at 20 and 25 years confinement in the Institutional Division of the Texas Department of Criminal Justice, to run concurrently. In two points of error, appellant alleges the trial court erred in failing to suppress the crack cocaine sold to officer A.C. Francois, and in failing to suppress the crack cocaine dropped by appellant as he entered his home. We affirm.

On August 17, 1991, in response to citizen complaints of drug activity, Houston Police undercover officer A.C. Francois (Francois) went to the 400 block of Mascot. Francois parked his unmarked vehicle and walked down Mascot. It was mid-afternoon and several residents were out in their yard. Appellant approached Francois and asked him what he needed. He told appellant he "needed a twenty." Appellant pulled a rock of crack cocaine from his pocket and gave it to the officer in exchange for a marked 20 dollar bill. Francois returned to the car and notified the arrest team, via his hand held walkie-talkie, that the deal had just gone down. The arrest team immediately proceeded to the 400 block of Mascot and spotted appellant. Appellant matched the description given by Francois as the dealer who had just sold him drugs. The van rolled to a stop and officers Holmes and Weston, in raid jackets, exited the vehicle telling appellant, "police officers, you are under arrest." Appellant, who was standing on the dirt in front of the porch, turned, went up on the porch, and fled into the house. The officers pursued the appellant into the house, and saw him drop a brown paper bag. Officer Weston picked up the bag and found it contained ten crack cocaine rocks wrapped in a little white napkin. Sergeant Holmes apprehended and arrested appellant inside the house. Francois was notified a "couple" of minutes later that the arrest had been made. He drove by the

scene and made an identification of appellant as the person who had sold him the drugs. Francois then returned to the substation. The marked 20 dollar bill was recovered, the serial numbers verified, and the bill was returned to Francois for re-use. Francois and Weston each maintained custody of the crack cocaine in their possession until it was tagged and turned over to be kept in the narcotics lock box by Officer McWilliams. The rocks were all tested by Claudia Busby, a chemist at the Houston Police Department Crime Laboratory. The rock sold to Francois was found to be 95.2 percent pure cocaine, and a white chunk in the bag dropped by appellant was found to be 96.1 percent pure cocaine.

In his first point of error, appellant complains that the trial court erred in failing to suppress the rock of crack cocaine sold to Francois. Appellant contends that all arrests and searches were conducted without any warrant. Additionally, appellant alleges the police entered his house illegally.

■■■ At the hearing on a motion to suppress evidence, the trial court is the sole judge of the credibility of the evidence and may choose to believe or disbelieve any or all of the witnesses' testimony. *See Taylor v. State,* 604 S.W.2d 175, 177–78 (Tex.Crim.App.1980). On review, the appellate court should not reverse a finding which is supported by the record. *Green v. State,* 615 S.W.2d 700, 707 (Tex.Crim.App. 1980), *cert. denied,* 454 U.S. 952, 102 S.Ct. 490, 70 L.Ed.2d 258 (1981). *See Johnson v. State,* 803 S.W.2d 272, 287 (Tex.Crim.App. 1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2914, 115 L.Ed.2d 1078 (1991), *overruled on other grounds by Heitman v. State,* 815 S.W.2d 681, 685 n. 6 (Tex.Crim.App. 1991).

■■■ Appellant's contentions of inadmissibility are certainly without merit as to the rock of crack cocaine appellant sold to Francois. The deal was made outside on the street, the money and the crack exchanged hands, and no search was necessary. Further, as the State correctly points out, evidence must be suppressed only if it is obtained in violation of State or Federal law. TEX.CODE CRIM.PROC.ANN. art.

38.23 (Vernon 1986). "The primary purpose of the Exclusionary Rule is to deter police activity which could not have been reasonably believed to be lawful by the officers committing same." *Drago v. State,* 553 S.W.2d 375, 378 (Tex.Crim.App. 1977). Francois was on an undercover narcotics assignment on the basis of citizen complaints about drug transactions in the neighborhood. He was approached by appellant, he told appellant he "needed a twenty," and appellant gave him the rock of crack cocaine in exchange for a 20 dollar bill. Francois maintained proper custody of the rock, and it was tagged and tested at the police lab. There was no illegal search and seizure activity involved. Appellant's first point of error is overruled.

In his second point of error, appellant complains the trial court erred in failing to suppress the crack cocaine in the brown bag dropped by appellant. Appellant alleges that since his arrest and search were conducted in his home without a warrant, this was illegal police activity. He contends evidence seized as a result of illegal police activity should be suppressed.

As stated above, the trial court is the sole judge of credibility at the motion to suppress hearing, *see Taylor,* 604 S.W.2d at 177–78, and this Court should not reverse if the finding is supported by the record. *Green,* 615 S.W.2d at 707. *See Johnson,* 803 S.W.2d at 287. The record reflects that appellant dropped the brown bag of crack cocaine while fleeing into his home to avoid arrest. The officers had reliable information from Francois that he had just made an undercover drug purchase from a man fitting appellant's description. When the officers exited the van and notified appellant he was under arrest, appellant turned and fled into the house.

■■■ TEX.CODE CRIM.PROC.ANN. art. 14.-01(b) provides that "[a] peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view." The officer actually viewing the offense, however, need not make the arrest, so long as the viewing officer "effectively participated in," and "was fully aware of the circumstances of

the arrest." *Astran v. State,* 799 S.W.2d 761, 763–64 (Tex.Crim.App.1990). In the instant case, appellant's arrest by the raid team based on Francois' bust signal was lawfully made in accordance with article 14.01(b). *Willis v. State,* 669 S.W.2d 728, 730–31 (Tex.Crim.App.1984); · TEX.CODE CRIM.PROC.ANN. art. 14.01(b) (Vernon 1977).

■ The officers' entry into appellant's house is proper pursuant to TEX.CODE CRIM. PROC.ANN. art. 14.05(2) which provides "an officer making an arrest without a warrant may not enter a residence to make the arrest *unless* : ... (2) exigent circumstances require the officer making the arrest enter the residence without the consent of a resident or without a warrant." TEX.CODE CRIM.PROC.ANN. art. 14.05(2) (Vernon Supp.1992) (emphasis added). In this case, the officers were in hot pursuit of appellant who was attempting to avoid arrest. *See United States v. Santana,* 427 U.S. 38, 96 S.Ct. 2406, 49 L.Ed.2d 300 (1976). "[A] suspect may not defeat an arrest which has been set in motion in a public place ... by the expedient of escaping to a private place." *Id.* at 43, 96 S.Ct. at 2410.

■ There was no evidence of misconduct on the part of the police which would taint the seizure of the brown bag dropped by appellant. *See Hawkins v. State,* 758 S.W.2d 255, 256–61 (Tex.Crim.App.1988); *Comer v. State,* 754 S.W.2d 656, 658 (Tex. Crim.App.1986). Additionally, a search of appellant, the area "within his immediate control", *see Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), and "items immediately associated with the person of appellant," by the officers is authorized pursuant to his lawful arrest. *Stewart v. State,* 611 S.W.2d 434, 438 (Tex.Crim.App.1981). *See Rogers v. State,* 774 S.W.2d 247, 264 (Tex.Crim.App.), *cert. denied,* 493 U.S. 984, 110 S.Ct. 519, 107 L.Ed.2d 520 (1989). The trial court properly denied appellant's motion to suppress. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.