**Leo WATSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 03–99–00312–CR.**

Court of Appeals of Texas,
·Austin.

Jan. 21, 2000.

---

John S. Butler, Austin, for Appellant.

Giselle Horton, Asst. County Atty., Austin, for Appellee.

Before Justices KIDD, YEAKEL and DALLY *

CARL E.F. DALLY, Justice (Retired).

Appellant Leo Watson was convicted in a bench trial of the offense of prostitution. *See* Tex. Penal Code Ann. § 43.02 (West

1994). The trial court assessed appellant's punishment at confinement in the county jail for three days. On appeal, appellant asserts that the trial court erred in admitting unlawfully obtained evidence. We will overrule appellant's point of error and affirm the judgment.

Appellant was arrested in a "john sting" operation on June 18, 1997. On that evening, as a part of the sting operation, Austin Police Officer Desiree Small was on South Congress Avenue posing as a prostitute. She was wired for sound, and other officers nearby made a videotape recording of the encounter that resulted in appellant's arrest. At about 11:00 p.m., appellant and a male passenger drove past Small. Appellant came back and talked to Small and then drove away. Appellant soon returned and discussed with Small a sexual act and the fee Small would charge. Small, using street language, offered to perform oral sex on appellant for $15. Small testified that appellant agreed to her proposition. Small told appellant that because of police activity on the street, she would meet him behind a building nearby. Small then signaled the "take down" officers, who arrested appellant.

By information the State charged:

LEO WATSON, the Defendant, on or about the 18th day of June, A.D.1997, did then and there knowingly offer and agree to engage in sexual conduct, to wit: deviate sexual intercourse, in that the Defendant offered and agreed to have D. SMALL contact D. SMALL's mouth with the genitals of the Defendant, for a fee . . . .

Appellant declared in the trial court and has repeated on appeal that he is not relying on the defense of entrapment. However, appellant argues that Small's admission that she offered to perform oral sex on him for a fee was an admission that she violated the law, and therefore, any

---

\* Before Carl E.F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment.

*See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).

evidence obtained by her unlawful act was not admissible against him.

A person commits the offense of prostitution if he or she offers to engage or agrees to engage in sexual conduct for a fee. *See* Tex. Penal Code Ann. § 43.02; *Mattias v. State*, 731 S.W.2d 936, 937 (Tex. Crim.App.1987) (intent to consummate the act not essential). Evidence obtained by an officer or other person in violation of the laws of this State shall not be admitted in evidence against an accused in the trial of any criminal case. *See* Tex.Code Crim. Proc. Ann. art. 38.23(a) (West Supp.2000). Article 38.23(a) is usually invoked by claims that confessions were unlawfully obtained and claims that objects, such as contraband, were obtained by unlawful search and seizure.

On its face, appellant's argument is appealing. However, appellant fails to recognize and to take into account the purpose and proper application of the exclusionary statute. Courts have held that the exclusionary statute, Article 38.23, may not be invoked for statutory violations unrelated to its purpose. *See Roy v. State*, 608 S.W.2d 645, 651–52 (Tex.Crim.App.1980) (violation Tex. Bus. Corp. Act Ann. art. 36.10); *Reeves v. State*, 969 S.W.2d 471, 486 (Tex.App.— Waco 1998, pet. ref'd) (violation Tex. Code Crim. Proc. Ann. art. 18.10); *Lane v. State*, 951 S.W.2d 242, 243 (Tex. App.—Austin 1997, no pet.) (violation Tex. Transp. Code Ann. §§ 724.001, .012); *Carroll v. State*, 911 S.W.2d 210, 221 (Tex.App.—Austin 1995, no pet.) (violation Tex. Penal Code Ann. § 30.05); *Fisher v. State*, 839 S.W.2d 463, 469 (Tex.App.—Dallas 1992, no pet.) (violation Tex. Health & Safety Code Ann. § 481.159); *Lopez v. State*, 817 S.W.2d 150, 151 (Tex.App.—El Paso 1991, no pet.) (violation Tex. Health & Safety Code Ann. § 481.159); *Stockton v. State*, 756 S.W.2d 873, 874 (Tex.App.—Austin 1988, no pet.) (violation Tex. Educ.Code Ann. §§ 21.031, .040).

It has been stated that the primary purpose of the exclusionary rule, Article 38.23, is to deter police activity that could not have been reasonably believed to be lawful by officers engaging in the activity. *See Drago v. State*, 553 S.W.2d 375, 378 (Tex.Crim.App.1977); *Jimenez v. State*, 838 S.W.2d 661, 665 (Tex.App.— Houston [1st Dist.] 1992, no pet.); *Curry v. State*, 831 S.W.2d 485, 487 (Tex.App.— Houston [14th Dist.] 1992, pet. ref'd); *Reed v. State*, 818 S.W.2d 569, 571 (Tex. App.—Beaumont 1991, pet. ref'd). We believe a more accurate expression of Article 38.23(a)'s "primary purpose ... is to deter unlawful actions which violate the rights of criminal suspects." *Carroll*, 911 S.W.2d at 221. Because Officer Small did not violate appellant's rights, appellant lacks standing to complain that the evidence against him was unlawfully obtained. *See Chavez v. State*, 9 S.W.3d 817, 819 (Tex.Crim.App. 2000) (citing *Fuller v. State*, 829 S.W.2d 191, 201–02 (Tex.Crim.App.1992)).

"Article 38.23(a) treats 'state action' and 'private action' the same or on an equal footing." *Chavez*, at 820 (citing *State v. Johnson*, 939 S.W.2d 586, 587–88 (Tex. Crim.App.1996)). Article 38.23(a) applies to the acts of an "other person" as well as to the acts of an officer. It would not seem logical that appellant could successfully argue that if Small had been a real prostitute, an "other person," who offered to perform a sexual act with him for a fee to which he agreed, that her testimony would be inadmissible because she violated the law.

In this case Officer Small's acts as a decoy did not violate appellant's statutory rights any more than if she were a real prostitute, an "other person." Regardless of whether Officer Small's actions were a violation of the law, she did not violate appellant's constitutional or statutory rights. "Given the usage of 'obtained' in Article 38.23, the plain language of the statute unambiguously supports the hold-

ing that evidence is not obtained in violation of the law by virtue of the fact that a police officer illegally participates in the activity constituting the crime." *Chavez*, at 821 *(*Keller J., concurring). The trial court did not err in overruling appellant's objection to the admission of Officer Small's testimony or the admission of the videotape made by other officers. Appellant's point of error is overruled.

The judgment is affirmed.