# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00121-CR

**The State of Texas, Appellant**

**v.**

**Brian Molegraaf, Appellee**

**FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY**
**NO. 586,807, HONORABLE JAN BRELAND, JUDGE PRESIDING**

The State appeals from an order of the county court at law granting appellee Brian Molegraaf≥s motion to suppress evidence in this prosecution for driving while intoxicated. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (West Supp. 2002). The relevant facts are undisputed. We review *de novo* the court≥s application of the law to the facts. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We reverse the court≥s order.

Many restaurants, clubs, and bars are located on Sixth Street between Congress Avenue and Interstate 35 in Austin. On Thursday, Friday, and Saturday nights, Austin police use temporary barriers to keep automobile traffic out of this area at the time when these businesses are closing and numerous pedestrians are in the street. At approximately 1:50 a.m. on the night in question, Molegraaf was driving east on Seventh Street, one block north of Sixth, when he came to the Neches Street intersection. Neches is a north-south street, and temporary barriers had been placed across its southbound lanes at the

intersection to prevent eastbound drivers on Seventh Street from turning right toward Sixth Street. Molegraaf nevertheless turned right, driving around the barriers (and into the northbound lanes of Neches) as he did so. His actions were seen by Austin Police Officer Michelle Aparicio, who stopped him for driving around the barriers and into the pedestrian safety zone. It was stipulated that following the stop, police officers observed conduct that gave them probable cause to arrest Molegraaf for driving while intoxicated.

Under the Texas exclusionary rule, no evidence obtained by an officer in violation of state law may be used in the trial of a criminal case. Tex. Code Crim. Proc. Ann. art. 38.23(a) (West Supp. 2002). The county court at law granted Molegraaf=s motion to suppress the evidence obtained by the officers following the stop on the ground that the temporary barriers had been unlawfully placed in Neches Street.[1] Specifically, Molegraaf alleged, and the court found, that the barriers violated section 542.203(a) of the transportation code, which provides:

> A local authority may not erect or maintain a traffic-control device to direct the traffic on a state highway . . . to stop or yield before entering or crossing an intersecting highway unless permitted by agreement between the local authority and the Texas Department of Transportation under Section 221.002.

Tex. Transp. Code Ann. ' 542.203(a) (West 1999).

---

[1] This was the only basis for suppression advanced by Molegraaf at the hearing.

2

The State argues that the purpose of section 542.203(a) is to promote uniform traffic rules and regulations on state highways, a purpose that is unrelated to the purposes of the exclusionary rule, and therefore any violation of section 542.203(a) in this case does not implicate article 38.23(a). *See Roy v. State*, 608 S.W.2d 645, 651 (Tex. Crim. App. 1980); *Stockton v. State*, 756 S.W.2d 873, 874 (Tex. App.CAustin 1988, no pet.). The State also argues that section 542.203(a) does not confer on individual drivers the right to complain about a breach of the statute by local governments. *See Chavez v. State*, 9 S.W.3d 817, 819 (Tex. Crim. App. 2000).[2]

In *Roy*, the defendant moved to suppress evidence obtained by undercover officers posing as the operators of a landscaping company. 608 S.W.2d at 651. The defendant argued that the evidence had been obtained in violation of state law because the officers had failed to register the name of their Acompany@as required by the business and commerce code. *Id*. The court of criminal appeals held that the assumed name statute had no bearing on an undercover police operation and that the officer=s failure to comply with the statute did not invoke article 38.23. *Id*.

In *Stockton*, the defendant sought to suppress evidence obtained by an undercover police officer who posed as a high school student. 756 S.W.2d at 874. The defendant complained that the officer=s Aenrollment@at the high school violated certain provisions of the education code. *Id*. Citing *Roy*,

---

[2] The State also argues that the evidence Molegraaf sought to suppress was not obtained as a result of the alleged violation of section 542.203(a). *See Chavez v. State*, 9 S.W.3d 817, 820 (Tex. Crim. App. 2000). We do not reach this contention.

this Court held that article 38.23 did not apply because the purposes served by the statutes governing the enrollment of public school students are wholly unrelated to the purposes of the exclusionary rule. *Id*.

In *Chavez*, the defendant sought to suppress evidence that he sold cocaine to an undercover officer assigned to a multi-county narcotics task force established pursuant to provisions of the local government code. 9 S.W.3d at 818. He sought to invoke article 38.23 because the delivery took place outside the geographical boundaries of the task force. *Id*. The court of criminal appeals held that only the parties to the task-force agreement had standing to complain of violations of the agreement. *Id*. at 819. The agreement did not confer third party beneficiary status on the defendant to complain about a breach of the agreement. *Id*.

Section 542.203(a) appears in a transportation code subchapter entitled AUniformity and Interpretation of Traffic Laws.@ *See* Tex. Transp. Code Ann. '' 542.201-.206 (West 1999 & Supp. 2002). The apparent purpose of the subchapter is to promote uniformity of traffic regulations throughout the state highway system. *See id*. ' 542.201 (general rule of uniformity). This is a purpose wholly unrelated to the purpose of the exclusionary rule. Moreover, section 542.203(a) does not appear to have been intended to confer rights or benefits on persons who are the subject of criminal investigations or on the public at large. *See* 40 George E. Dix & Robert O. Dawson, *Texas Practice: Criminal Practice and Procedure* ' 4.46 (2d ed. 2001). Section 542.203(a) does not confer third party standing on Molegraaf to complain about a local authority=s failure to obtain the permission of the Texas Department of Transportation before erecting a traffic-control device on a state highway. We are unpersuaded by

**4**

Molegraaf=s assertions that the statute was intended to implement the First Amendment right to free association and the constitutional right to travel, or that the barriers violated his Aright to be left alone.@

For the reasons stated, we hold that the violation, if any, of section 542.203(a) does not require suppression of the evidence of Molegraaf=s intoxication pursuant to article 38.23.[3] No violation of the United States Constitution was shown and hence the federal exclusionary rule does not apply.

The order granting the motion to suppress is reversed and the cause is remanded for further proceedings.

Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

Reversed and Remanded

Filed:   August 30, 2002

Publish

---

[3] Even assuming that section 542.203(a) applies to temporary traffic diversions of the sort at issue here, it is arguable whether the statute was violated.  Molegraaf introduced a map purporting to show that Seventh Street east of Neches, Sixth Street west of Neches, and the one block of Neches between Sixth and Seventh, are part of State Highway 343.  Because Molegraaf was driving on Seventh Street west of Neches, he was not on the state highway at the time he was prevented from turning right from Seventh onto Neches.  A local authority, with respect to a highway under its jurisdiction and in the reasonable exercise of the police power, may regulate or prohibit the turning of a vehicle at an intersection.  Tex. Transp. Code Ann. ' 542.202(a)(7) (West Supp. 2002).