ACCEPTED
03-15-00065-CR
5928222
THIRD COURT OF APPEALS
AUSTIN, TEXAS
7/2/2015 4:46:07 PM
JEFFREY D. KYLE
CLERK

No. 03-15-00065-CR

In the Third Court of Appeals
Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
7/2/2015 4:46:07 PM
~~JEFFREY D. KYLE~~
Clerk

# ELIZABETH BLACK,

*Appellant,*

## v.

# THE STATE OF TEXAS,

*Appellee.*

On appeal from the County Court-at-Law Number Five,
Travis County, Texas
Trial Cause No. C-1-CR-13-217530

# STATE'S BRIEF

DAVID A. ESCAMILLA
TRAVIS COUNTY ATTORNEY

GISELLE HORTON
ASSISTANT TRAVIS COUNTY ATTORNEY
State Bar Number 10018000
Post Office Box 1748
Austin, Texas 78767
Telephone: (512)854-9415
TCAppellate@traviscountytx.gov

*July 2, 2015*          ATTORNEYS FOR THE STATE OF TEXAS

ORAL ARGUMENT IS NOT REQUESTED

# TABLE OF CONTENTS

INDEX OF AUTHORITIES .......................................... iii

STATEMENT OF THE CASE ......................................... 1

ISSUES PRESENTED ............................................... 1

BACKGROUND .................................................... 2

SUMMARY OF THE ARGUMENT ...................................... 4

ARGUMENT

      *Reply Point*: The trial court did not abuse its discretion in
overruling Black's motion to suppress the State's evidence ........ 5

    1.     Black's contentions on appeal .......................... 5

    2.     Properly viewed, the totality of the circumstances
          shows that the detaining officer had reasonable
          suspicion of criminal activity ............................ 7

    3.     Whether or not the barricades and signs were
          properly placed is not a legitimate issue .................. 10

         3.1.  The matter of the signs' and barricades'
              propriety is unpreserved .......................... 10

         3.2.  The evidence shows that Black knew of the
              checkpoint but consciously disregarded it ........... 10

3.3. The barricades' and signs' alleged failure to comply with a statutory definition and the MUTCD is unrelated to the exclusionary rule's purpose and therefore cannot trigger its application .. 11

3.4. Black has no standing to complain of the barricades' and signs' placement .................. 14

PRAYER ..................................................... 14

CERTIFICATE OF COMPLIANCE ........................... 15

CERTIFICATE OF SERVICE ............................... 16

# INDEX OF AUTHORITIES

**Statutes**                                                                  **Page**

TEX. CODE CRIM. P. art. 38.23(a)
    (West 2005) .................................................... 11
TEX. PENAL CODE § 49.04(a), (d)
    (West. Supp. 2014) ........................................... 1
TEX. TRANSP. CODE § 472.022(a)
    (West 2013) .................................................... 9
TEX. TRANSP. CODE § 472.022(b)
    (West 2013) .................................................... 5
TEX. TRANSP. CODE § 544.004(a)
    (West 2011) .................................................... 9

**Rule**

TEX. R. APP. P. 33.1(a)(1) ......................................... 10

**Cases**

*Carroll v. State*, 911 S.W.2d 210
    (Tex. App.—Austin 1995, no pet.) ...................... 11, 12, 13
*Chavez v. State*, 9 S.W.3d 817
    (Tex. Crim. App. 2000) .................................... 12, 13
*Curry v. State*, 831 S.W.2d 485
    (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd) .............. 12
*Derichsweiler v. State*, 348 S.W.3d 905
    (Tex. Crim. App. 2011) ...................................... 9
*Drago v. State*, 553 S.W.2d 375
    (Tex. Crim. App. 1977) ...................................... 12
*Fisher v. State*, 839 S.W.2d 463
    (Tex. App.—Dallas 1992, no pet.) ........................... 12
*Jimenez v. State*, 838 S.W.2d 661
    (Tex. App.—Houston [1st Dist.] 1992, no pet.) ................ 12

*Lane v. State*, 951 S.W.2d 242
   (Tex. App.—Austin 1997, no pet.) .......... 12

*Lopez v. State*, 817 S.W.2d 150
   (Tex. App.—El Paso 1991, no pet.) .......... 12

*Lujan v. State*, 331 S.W.3d 768
   (Tex. Crim. App. 2011) .......... 7

*Martinez v. State*, 348 S.W.3d 919
   (Tex. Crim. App. 2011) .......... 7

*New York v. Harris*, 495 U.S. 14
   (1990) .......... 12

*Reed v. State*, 818 S.W.2d 569
   (Tex. App.—Beaumont 1991, pet. ref'd) .......... 12

*Reeves v. State*, 969 S.W.2d 471
   (Tex. App.—Waco 1998, pet. ref'd) .......... 12

*Roy v. State*, 608 S.W.2d 645
   (Tex. Crim. App. 1980) .......... 12

*State v. Garcia-Cantu*, 253 S.W.3d 236
   (Tex. Crim. App. 2008) .......... 7

*State v. Molegraaf*, 86 S.W.3d 311
   (Tex. App.—Austin 2002, no pet.) .......... 12, 13, 14

*Watson v. State*, 10 S.W.3d 782
   (Tex. App.—Austin 2000, no pet.) .......... 12

**Other Source**

40 GEORGE E. DIX & JOHN M. SCHMOLESKY, TEXAS PRACTICE 321, § 7.25
   (3rd ed. 2011) .......... 13

## STATEMENT OF THE CASE

The defense appeals a pre-trial suppression ruling in a DWI case.

Black was charged by information with operating a motor vehicle with a

blood-alcohol concentration greater than .15, a Class A misdemeanor

alleged to have been committed on October 11, 2013. CR 9; TEX. PENAL

CODE § 49.04(a), (d) (West. Supp. 2014). On January 13, 2015, after an

evidentiary hearing, the trial court overruled her supplemental

suppression motion. CR 35. That same day, Black entered a negotiated plea

of no contest, and was sentenced to eight days in jail and a $100.00 fine.

CR 37–38, 40–41.

Black gave notice of appeal ten days later, on January 23rd. CR 43.

## ISSUES PRESENTED

Black litigated only the initial detention's lawfulness, which occurred

after Black drove her car through a barricaded traffic-control checkpoint

and onto a street that was closed to the general public at the time. Was the

stop unlawful—and the ruling denying suppression relief therefore an

abuse of the court's discretion—because

1

(1) Black could not have driven "around" a barricade when the barricades did not completely block the lane;

(2) the prosecution failed to prove that the barricades were put there by a person or entity named in the statutory definition of "barricade"; and

(3) the signs advising of the road's closure may not have been "sufficiently legible" and may not have complied with the Texas Manual on Uniform Traffic Control Devices (MUTCD)?

## BACKGROUND

Barton Springs Road in Austin was closed to through traffic early that October morning; only people affiliated with the Austin City Limits music festival were allowed to pass through the checkpoint. 2 RR 7, 9, 25. A mobile sign with flashing lights advised that "northbound" was shut down to through traffic. 2 RR 6–7. A fixed sign that spanned almost half the roadway also advised that "Barton Springs Road to close through Zilker Park. Friday 12 a.m. until Monday 3 a.m." 2 RR 7, 22. White plastic barricades, barrels, and traffic cones were set up to funnel traffic to a single lane, and to direct the general motoring public into a U-turn. 2 RR 6, 8.

2

Austin police Officer Domingo Rodriguez was parked behind the barricades with his overhead lights on so that he could check the credentials of vehicles coming through. 2 RR 8. Unauthorized vehicles were instructed to make the U-turn; authorized buses, motor coaches, and eighteen-wheelers that were connected with the music festival in Zilker Park were allowed through. 2 RR 5–6, 9.

Around three o'clock in the morning on Friday, Officer Rodriguez saw a passenger vehicle approaching so rapidly that he knew it would not stop at the checkpoint. 2 RR 9. He yelled, "Hey!" 2 RR 13. The dark-colored SUV kept going. Rodriguez took off after it and detained the driver, who he later identified as Black. 2 RR 10–11.

Black told Rodriguez that she had seen the barricade but was trying to get home. 2 RR 12; 3 RR State's Exhibit #2 @ 03:00:30. She also admitted that she should have stopped when she heard Rodriguez call out to her. 3 RR State's Exhibit #1 at 03:05:20.

3

The trial court denied suppression relief, stating,

> I truly believe, with the amount of signage out there, and with the police presence, two patrol cars, and that sign, that a reasonable person would know better than to approach that intersection and drive through. I just—I cannot think of how it could be reasonable to think that you could drive through that area. I mean, they've got the barricades here and — . . . [A] reasonable person would not drive through that intersection. I just don't see it. Sorry.

2 RR 36. The trial court was not asked to make and did not make written findings.

## SUMMARY OF THE ARGUMENT

Black is asking the Court to view the evidence in the light most favorable to the defense, and to speculate that the barricades and signs failed to meet certain requirements. This misapplies the standard of review and fails to view the record in the proper light. Properly viewed, the record shows that Black saw the signs, knew that she was not permitted to simply drive through the checkpoint, but did it anyway, even after hearing the officer yell as she went past. This shows that she committed two specific traffic violations under the Transportation Code.

4

Whether the signs and barricades were properly in place is unpreserved, because Black never made this argument below. Furthermore, the statutory definition of "barricade" and the Manual on Uniform Traffic Control Devices

- are not "laws" whose alleged violation would trigger application of the exclusionary rule; and

- do not confer standing on Black to complain of some perceived impropriety.

## ARGUMENT

*Reply Point*: **The trial court did not abuse its discretion in overruling Black's motion to suppress the State's evidence.**

1.    **Black's contentions on appeal.**

Black contends that the initial detention was illegal for chiefly two reasons. First, she maintains that, because the record shows that no barricade actually blocked her lane of travel, she did not drive "around" a barricade and therefore could not have committed a traffic violation under the statute criminalizing driving into barricaded areas. TEX. TRANSP. CODE § 472.022(b) (West 2013).

5

Second, she contends that the State failed to prove that the barrier constituted a "barricade" under § 472.022(e)(1) of the Transportation Code. This provision defines a barricade as an obstruction that has been placed on or across a road, street, or highway by the Texas Department of Transportation, a state political subdivision, or a contractor or subcontractor (Black's Brief, p. 12).

Third, Black acknowledges the rule that the Court may affirm on any applicable theory that the record supports, such as Transportation Code § 544.004, which criminalizes the failure to obey a traffic-control device. She nevertheless contends that the prosecution failed to prove that she committed a violation under § 544.004 because it did not show "whether the sign was in a position where Appellant or a reasonable person would have seen it" or otherwise complied with the requirements of the Manual on Uniform Traffic Control Devices (MUTCD). According to Black, the failure to obey a traffic-control device is only an offense if the device is "sufficiently legible" to the driver. If the device doesn't comply with the

6

MUTCD, she contends, then it cannot be inferred that the driver understood the device and committed an offense.

## 2. Properly viewed, the totality of the circumstances shows that the detaining officer had reasonable suspicion of criminal activity.

Black's contentions misapply the standard of review and fail to view the record in the proper light. Appellate courts review suppression rulings for an abuse of discretion. *Lujan v. State*, 331 S.W.3d 768, 771 (Tex. Crim. App. 2011). The Court views the evidence in the light most favorable to the trial court's ruling. *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008). The winning side is afforded the "strongest legitimate view of the evidence," as well as all reasonable inferences that can be derived from it. *Garcia-Cantu*, 253 S.W.3d at 241. The reviewing court will affirm if the record reasonably supports the trial court's ruling and it is correct on any legal theory applicable to the case. *Id.* A trial court abuses its discretion only when the ruling is outside the zone of reasonable disagreement. *Martinez v. State*, 348 S.W.3d 919, 922 (Tex. Crim. App. 2011).

The trial court acted well within its discretion to deny suppression relief. *The record shows that Black knew of the traffic checkpoint but consciously disregarded it.* Black ignores the parts of the officer's testimony and the dashcam video that show that she knew that she was not to simply drive through the traffic-control point. 2 RR 12; 3 RR State's Exhibit #2 @ 03:00:30 and 03:05:20.[1] State's Exhibit #2, the detaining officer's dashcam recording, shows the signage in plain view. 3 RR State's Exhibit #2 @ 02:59:09. It shows Black telling the detaining officer that she went through the traffic-control area checkpoint because she was "trying to get home." 3 RR State's Exhibit #2 @ 03.00:30. The detaining officer testified to this, as well. 2 RR 12. The videotape also shows Black telling the officer that she heard him yell as she went through the barricade, and knew she should have stopped. 3 RR State's Exhibit #2 @ 03:05:20. This evidence alone shows that the detention was lawful because she (1) failed to comply with a traffic-control

---

[1]    Although the prosecution intended to introduce only a portion of the videotape of the stop, the entire exhibit was admitted at defense counsel's insistence. 2 RR 12; 3 RR State's Exhibit #2.

8

device under Transportation Code § 544.004(a), and (2) disobeyed the instructions, signals, warnings, or markings of a warning sign under § 472.022(a). TEX. TRANSP. CODE §§ 472.022(a), 544.004(a) (West 2013 & 2011).

Additionally, signs told motorists that they were not to simply drive through the checkpoint. 2 RR 7, 19, 22. Barricades and traffic cones were set up to indicate "that people need to go this way to make the U-turn." 2 RR 6. Behind the barricades was a police officer's patrol car with its overhead lights on. 2 RR 8. Viewing the totality of the circumstances in the light most favorable to the ruling, the trial court properly concluded that the detaining officer had reasonable suspicion to initiate a brief detention for further investigation. *Derichsweiler v. State*, 348 S.W.3d 905, 914 (Tex. Crim. App. 2011).

9

**3. Whether or not the barricades and signs were properly placed is not a legitimate issue.**

**3.1. The matter of the signs' and barricades' propriety is unpreserved.**

Black failed to preserve her contentions about the propriety of the barricades and signs, because she did not make these arguments to the trial court. TEX. R. APP. P. 33.1(a)(1).

Even if she had made the arguments, the trial court would have erred to grant suppression relief on that basis, for the following reasons.

**3.2. The evidence shows that Black knew of the checkpoint but consciously disregarded it.**

The County Attorney discusses this evidence on page eight of this brief. Because of this evidence, no legitimate issue exists with respect to whether Black knew that she was not permitted to drive through the traffic-control point before she was detained.

### 3.3. The barricades' and signs' alleged failure to comply with a statutory definition and the MUTCD is unrelated to the exclusionary rule's purpose and therefore cannot trigger its application.

Black appears to suggest for the first time that the State's evidence was obtained "in violation of state law" under Article 38.23, because the signs and barricades did not comply with the MUTCD and certain requirements, such as the statutory definition of "barricade," which requires that barricades be placed by certain entities or agents. Under the Texas exclusionary rule, no evidence obtained by an officer in violation of state law may be used in the trial of a criminal case. TEX. CODE CRIM. P. art. 38.23(a) (West 2005). But a violation of the "laws" that Black cites—even if it had occurred—would not trigger the exclusionary rule's application.

Violation of just any "law" does not invoke Article 38.23. *Carroll v. State*, 911 S.W.2d 210, 221 (Tex. App.—Austin 1995, no pet.). Courts uniformly hold that Article 38.23(a) may not be invoked for statutory violations unrelated to the exclusionary statute's purpose. *State v.*

*Molegraaf*, 86 S.W.3d 311, 312–13 (Tex. App.—Austin 2002, no pet.).[2] That

purpose is the same for both the Fourth Amendment's exclusionary rule

and Article 38.23: to protect a suspect's liberty interests against the

overzealousness of others in obtaining evidence to use against her;[3] "to

deter unlawful actions which violate the rights of criminal suspects."[4]

> [T]he fairest reading of [Article 38.23(a)] is that it must have
> been intended to permit challenges to evidence on the basis
> that the evidence was obtained in violation of a "law" that
> serves to protect an individual's personal and property rights

---

[2]  *See also Roy v. State*, 608 S.W.2d 645, 651–52 (Tex. Crim. App. 1980); *Watson v. State*, 10 S.W.3d 782, 784 (Tex. App.—Austin 2000, no pet.); *Reeves v. State*, 969 S.W.2d 471, 486 (Tex. App.—Waco 1998, pet. ref'd); *Lane v. State*, 951 S.W.2d 242, 244 (Tex. App.—Austin 1997, no pet.); *Carroll*, 911 S.W.2d at 211; *Fisher v. State*, 839 S.W.2d 463, 469 (Tex. App.—Dallas 1992, no pet.); *Lopez v. State*, 817 S.W.2d 150, 151 (Tex. App.—El Paso 1991, no pet.). *See also New York v. Harris*, 495 U.S. 14, 17 (1990) (the Fourth Amendment's exclusionary rule may not be invoked for reasons unrelated to the exclusionary rule's purpose).

[3]  *Chavez v. State*, 9 S.W.3d 817, 822 (Tex. Crim. App. 2000).

[4]  *Watson*, 10 S.W.3d at 784; *Carroll*, 911 S.W.2d at 221.

Texas courts have often stated that the primary purpose of Article 38.23 is to deter police activity that could not have been reasonably believed to be lawful by officers engaging in the activity. *Watson*, 10 S.W.3d at 784 (citing *Drago v. State*, 553 S.W.2d 375, 378 (Tex. Crim. App. 1977)); *Jimenez v. State*, 838 S.W.2d 661, 665 (Tex. App.—Houston [1st Dist.] 1992, no pet.); *Curry v. State*, 831 S.W.2d 485, 487 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd); *Reed v. State*, 818 S.W.2d 569, 571 (Tex. App.—Beaumont 1991, pet. ref'd).

from infringement by others, whether those others are acting in official capacities or not. "Laws" serving other functions, then, would not be a sufficient predicate on which to base an article 38.23 objection to prosecution evidence.

40 GEORGE E. DIX & JOHN M. SCHMOLESKY, TEXAS PRACTICE 321, § 7.25 (3rd ed. 2011); *see also Chavez,* 9 S.W.3d at 822 (Price, J., concurring); *Carroll,* 911 S.W.2d at 221 ("It seems evident that the particular provision of the Constitution or laws which is violated in obtaining evidence must exist for the purpose of regulating the acquisition of evidence to be used in a criminal case.").

The statutory definition of "barricade" and the MUTCD have purposes so far removed from controlling the gathering of evidence for prosecution that their violation—even if it had occurred—cannot trigger Article 38.23. *Molegraaf,* 86 S.W.3d at 312. In *Molegraaf,* this Court reversed the suppression order, holding that Transportation Code § 542.203(a), which regulates how and by whom traffic-control devices may be erected, has nothing to do with the exclusionary rule's purpose. *Id.* at 313.

### 3.4. Black has no standing to complain of the barricades' and signs' placement.

Similarly, the reasoning of this Court's *Molegraaf* opinion shows that the statutory definition of "barricade" and the MUTCD were not intended to confer rights or benefits on the public at large, or on persons who are the subject of criminal investigations. *See Molegraaf*, 86 S.W.3d at 312. Black therefore lacks third-party standing to complain of some irregularity in the barricades' and the signs' placement. *Id.*

### PRAYER

On behalf of the State of Texas, the Travis County Attorney asks the Court to overrule the point of error and affirm the judgment of conviction for operating a motor vehicle while intoxicated.

Respectfully submitted,

DAVID A. ESCAMILLA
TRAVIS COUNTY ATTORNEY

14

Giselle Horton
Assistant Travis County Attorney
State Bar Number 10018000
Post Office Box 1748
Austin, Texas 78767
Telephone: (512)854-9415
TCAppellate@traviscountytx.gov

ATTORNEYS FOR THE STATE OF TEXAS

**CERTIFICATE OF COMPLIANCE**

Relying on Corel WordPerfect's word-count function, I certify that

this document complies with the word-count limitations of TEX. R. APP. P.

9.4. The document (counting all of its parts) contains 3167 words.

Giselle Horton

## CERTIFICATE OF SERVICE

I certify that I have sent a complete and legible copy of this State's

Brief via electronic transmission, to Ms. Black's attorney of record, Mr.

Gene Anthes, at gene@GBAfirm.com, on or before July 7, 2015.

Giselle Horton
Assistant Travis County Attorney