**Affirmed and Memorandum Opinion filed April 25, 2024.**



**In The**

# Fourteenth Court of Appeals

**NO. 14-23-00176-CR**

**MICHELE WARNER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 183rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1725517**

## MEMORANDUM OPINION

This appeal arises out of a traffic stop and the warrantless search of a passenger's purse. The passenger moved to suppress the evidence discovered in that search, but the trial court denied her motion, implicitly finding that the search was not unreasonable. We uphold the trial court's ruling because the record supports an implied finding that the search was conducted as an incident of the passenger's lawful arrest.

## BACKGROUND

An officer conducted a traffic stop of a vehicle after witnessing the vehicle commit several moving violations. The vehicle contained two people: appellant was the passenger, and her friend was the driver. Both individuals claimed that appellant was the owner of the vehicle, but neither supplied the officer with any proof of registration. They supplied their identification instead, and upon processing that identification, the officer discovered that appellant had an outstanding warrant for her arrest.

The officer asked appellant to step out of the vehicle, and when she did, he placed her in handcuffs and advised her about the outstanding warrant. However, he did not formally arrest appellant because he was still waiting on confirmation of the warrant. In the meantime, the officer escorted appellant to the backseat of his patrol car and he detained her there.

The officer then returned to the passenger side of the vehicle, where he found two purses on the floorboard near the place where appellant had previously been seated. The officer asked the driver to whom the purses belonged, and the driver (who is male) said that they belonged to appellant. The officer then removed the purses and placed them on the trunk of the vehicle. At the time of the removal, the officer did not suspect that the purses contained evidence of a crime, but he planned to search them as an incident of appellant's arrest.

Before searching the purses, the officer returned to the driver and requested his consent to search the vehicle. When the driver responded that the vehicle did not belong to him, the officer repeated his request. The driver gave the same response as before, which prompted the officer to make his request for a third time, while stressing that his request was simply calling for a yes or no answer. On that last request, the driver affirmatively gave the officer his consent to search the vehicle.

Before searching anything, the officer returned to appellant and informed her that the driver had given his consent to search the vehicle. Appellant did not object to a search or to the driver giving his third-party consent. Instead, appellant told the officer about the existence of a sunflower bag, which she claimed was not her own, even though it was within a purse belonging to her.

The officer then searched appellant's purses, one of which contained the sunflower bag, and inside that bag he found methamphetamine. The officer also searched the vehicle, but after finding no contraband there, he released the vehicle to the driver.

Appellant was then charged with possession of the methamphetamine, which she moved to suppress. After an evidentiary hearing, in which only the officer testified, the trial court denied appellant's motion. Appellant then pleaded guilty to the charged offense, and the trial court sentenced her to time already served.

## ANALYSIS

During the hearing on the motion to suppress, the prosecution defended the warrantless search with three separate legal theories. The first theory was that the driver had given his third-party consent. The second theory was that discovery of the methamphetamine was inevitable. And the third theory was that the search was conducted as an incident of appellant's arrest.

When making its ruling denying the motion to suppress, the trial court did not indicate which theory or theories it had credited. Nor did it sign any findings of fact or conclusions of law. In the absence of such findings or conclusions, appellant challenges all three legal theories in her sole complaint on appeal. We only address the third theory because it fully supports the trial court's ruling. *See* Tex. R. App. P. 47.1.

3

We review a trial court's ruling on a motion to suppress under a bifurcated standard. *See Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). We afford almost total deference to the trial court's determination of historical facts, as well as to its resolution of mixed questions of law and fact that turn on an evaluation of credibility and demeanor, but we review de novo purely legal questions and mixed questions of law and fact not turning on an evaluation of credibility and demeanor. *Id.* Also, when, as in this case, the trial court does not make explicit findings of fact in ruling on a motion to suppress, we review the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact supported by the record. *Id.*

The Fourth Amendment protects individuals from "unreasonable" searches and seizures. *See* U.S. Const. amend. IV. Warrantless searches are generally regarded as unreasonable, subject to notable exceptions, such as searches incident to arrest. *See Riley v. California*, 573 U.S. 373, 382 (2014).

There are two types of searches incident to arrest. *See Price v. State*, 662 S.W.3d 428, 433 (Tex. Crim. App. 2020) (citing *United States v. Robinson*, 414 U.S. 218 (1973)). The first is a search made of the person, or of property "immediately associated with the person of the arrestee." *Id.* These searches are "unqualified" and "are always justified under the search incident to arrest exception to the warrant requirement, upon no more justification than the arrest itself." *Id.* The second is a search made of the area within the control of the arrestee. *Id.* These types of searches are not unqualified, and before a warrantless search may be conducted of such areas, an arresting officer may be required to show that he had reason to believe that the arrestee could possibly gain access within that area to a weapon or other evidence. *Id.*

4

The facts of this case implicate the first type of a search incident to arrest. The officer searched a purse, which has long been treated under our law as an object immediately associated with the person of the arrestee. *See Stewart v. State*, 611 S.W.2d 434, 438 (Tex. Crim. App. 1981) ("In the instant case, we believe that the search of the purse is better characterized as a search of items immediately associated with the person of the appellant."); *Martin v. State*, 565 S.W.3d 814, 822 (Tex. App.—Houston [14th Dist.] 2018, no pet.) ("Thus, a search incident to arrest may include the arrestee's purse."). The officer also had ample reason to believe that the purse belonged to appellant: he found the purse on the front-passenger floorboard where appellant had previously been seated; the driver, who is male, identified the purse as belonging to appellant, the only female occupant in the vehicle; and appellant referenced the purse when she disclaimed ownership of the sunflower bag within it. Because the purse belonged to appellant, a lawful arrestee, the officer's search of it was reasonable, even though the purse was not physically attached to appellant at the time of the search. *See Carrasco v. State*, 712 S.W.2d 120, 123 (Tex. Crim. App. 1986) ("The object need not be physically attached to the arrestee."); *e.g.*, *Curry v. State*, 831 S.W.2d 485, 488 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd) (upholding an officer's warrantless search of a brown paper bag that the arrestee dropped while fleeing from police).

Appellant suggests that the search was invalid because she had merely been detained, not arrested. But there was affirmative testimony from the officer that, at the time of the search, he had already received confirmation of the warrant, which is what he had sought to effectuate the formal arrest. In any event, if an officer has probable cause to arrest, as the officer here did, then a search incident to arrest is valid if conducted immediately before or after a formal arrest. *See State v. Ford*, 537 S.W.3d 19, 24 (Tex. Crim. App. 2017) ("If an officer has probable cause to arrest, a

5

search incident to arrest is valid if conducted immediately before or after a formal arrest.").

Appellant also argues that the search was invalid because she was handcuffed and safely secured in the backseat of the patrol car, meaning she was beyond the reach of her purse, and therefore, she could not access any weapons or evidence it might contain. Appellant invokes *Arizona v. Gant*, 556 U.S. 332 (2009) and *Marcopoulos v. State*, 548 S.W.3d 697 (Tex. App.—Houston [1st Dist.] 2018, pet. ref'd), but both of those cases dealt with searches of the broader area of the arrestee's control—in particular, the inside of a motor vehicle. Those searches accordingly implicated the second type of a search incident to arrest. Because appellant's case, by contrast, implicates the first type—concerning objects immediately associated with the person of the arrestee—we conclude that *Gant* and *Marcopoulos* do not apply here. *See State v. Drury*, 560 S.W.3d 752, 756–59 (Tex. App.—Fort Worth 2018, pet. ref'd) (concluding that *Gant* did not support the suppression of evidence discovered from the warrantless search of an object immediately associated with an arrestee's person).

Based on the foregoing, we need not address appellant's arguments concerning the driver's third-party consent or whether the discovery of the methamphetamine was inevitable.

## CONCLUSION

The trial court's judgment is affirmed.

/s/ Tracy Christopher
   Chief Justice

Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson.
Do Not Publish — Tex. R. App. P. 47.2(b).

6