SAM FLANARY V. THE STATE.

No. 19682.   Delivered May 25, 1938.

The opinion states the case.

*Myres & Myres,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Conviction is for possession of intoxicating liquor in dry area for purpose of sale. Punishment, a fine of $100.00.

The record shows that Somervell County, at and before the commission of the alleged offense, was dry area. That on the 21st day of April, 1937, two agents of the Texas Liquor Control Board, armed with a search warrant, went to appellant's place of business and made a search thereof. They found 22 pints of whisky in his home. Upon the trial of this case, appellant in due time objected to any and all of the evidence found by the agents in their search of his home on the ground that the warrant was directed to the sheriff or any constable of Somervell County, commanding them to execute the same. That the agents of the Texas Liquor Control Board, who executed the warrant, were not legally authorized or empowered to search his home by virtue of said warrant, as they were not peace officers and therefore had no legal authority to execute the same. That the evidence thus obtained was not admissible under Article 727a, C. C. P.

We are inclined to agree with him.

Article 36, C. C. P., defines "Peace Officers" as follows: "The following are 'peace officers': the sheriff and his deputies, constable, the marshal or policemen of an incorporated town or city, the officers, non-commissioned officers and privates of the

State ranger force, and any private person specially appointed to execute criminal process."

Article 304, C. C. P., provides: "A 'search warrant' is a written order, issued by a magistrate, and directed to a peace officer, commanding him to search for personal property, and to seize the same," etc.

Section 4 of Article 315, C. C. P., provides: "That it be dated and signed by the magistrate, and directed to the sheriff or other peace officer of the proper county."

It is obvious that the agents of the Texas Liquor Control Board were not peace officers and had no legal authority to enter appellant's premises and search the same under and by virtue of said warrant. Hence, the search was illegal and the evidence discovered as a result of such a search was incompetent and should not have been admitted. See Article 727a, C. C. P.

It might be well to note that the Legislature by Section 7b of Article 1 of Chapter 467, effective September 1, 1937, (Art. 666, P. C.), made the agents of the Texas Liquor Control Board peace officers and conferred upon them all the powers of peace officers coextensive with the limits of the State. This law, however, was not in effect at the time the search in question was made.

Having reached the conclusion that the search of appellant's premises was illegal and the evidence obtained as a result thereof incompetent, it follows that the court erred in declining to sustain appellant's objection to said evidence.

For the error pointed out, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.