STATE of Texas, Appellant,

v.

**Todd Newman TYSON, Appellee.**

**No. 11–95–335–CR.**

Court of Appeals of Texas,
Eastland.

April 11, 1996.

Rehearing Overruled May 9, 1996.

James Eidson, Criminal District Attorney, Abilene, Kollin Shadle, Appellate Section, Criminal District Attorney's Office, Abilene, for appellant.

David W. Thedford, Thedford & Hatchett, Abilene, for appellee.

Before ARNOT, C.J., and DICKENSON and WRIGHT, JJ.

## OPINION

DICKENSON, Justice.

The trial court granted a motion to suppress evidence which was filed by defendant-appellee, Todd Newman Tyson, under TEX. CODE CRIM.PRO.ANN. art. 38.23 (Vernon Supp.1996). The State appeals the trial court's order pursuant to TEX.CODE CRIM. PRO.ANN. art. 44.01 (Vernon Supp.1996). We reverse and remand.

Tyson was charged by information with the misdemeanor offense of selling an alcoholic beverage to a minor on or about August 19, 1994. The minor was working with agents of the Texas Alcoholic Beverage Commission in a "sting operation." The question is whether Tyson has "standing" under Article 38.23 to suppress evidence secured by the minor's purchase of an alcoholic beverage.[1] Our answer is that Tyson does not have "standing" under Article 38.23 to suppress the evidence.

---

1. Tyson argues that the Commission's agents caused the minor to violate TEX. ALCO.BEV.CODE ANN. § 106.02 (Vernon 1995) (the law which makes it illegal for a minor to purchase an alcoholic beverage).

*Section 106.02*

This section provides in relevant part:

A minor commits an offense if he purchases an alcoholic beverage.[2]

*Article 38.23*

This article provides in relevant part:

No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

*Point of Error*

The State argues in its single point of error:

The trial court erred in granting defendant's motion to suppress [evidence].

The State argues that the use of a minor in a "sting operation" by agents of the Texas Alcoholic Beverage Commission did not require exclusion of the evidence under Article 38.23. This point of error will be sustained.

*Evidence at Hearing*

There was only one witness at the pretrial hearing on defendant's motion to suppress evidence. The witness was Sergeant John Placette of the Texas Alcoholic Beverage Commission. Sergeant Placette testified that he was the field supervisor for the Abilene District and that on August 19, 1994, he and other agents were "conducting an undercover operation utilizing a minor" to enter licensed locations to see if the clerk would sell an alcoholic beverage to a minor. Sergeant Placette said that he developed an outline of the policies which would be used and had it approved by the local district attorney. Then, he chose a young-looking, seventeen-year-old girl to use as a "cooperating individual" and secured her parent's approval. The minor was equipped with a body microphone, and an undercover van was

---

2. A first offense is punished by a fine of not less than $25 nor more than $200; a subsequent offense is punished by a fine of not less than $250 nor more than $1,000.

equipped with a video/audio camera/recorder. Sergeant Placette said that they performed the "sting operation" over a two-week period at 108 locations in the Abilene area.

Sergeant Placette said that the minor was instructed to enter each store, to go directly to the beer storage area, to pick up the alcoholic beverage, and then to proceed to the service counter. If asked for identification, she would either say: "I don't have any," or she would use identification showing her true age. If asked by the clerk, she was to give her true age. The minor was instructed not to lie to the clerk and not to argue with the clerk. The agents in the van were able to listen to the conversations as they occurred. After the minor left each store, an agent would take possession of the beer, the sales receipt, and any change which the minor received in the transaction. One of the agents would then go into the store to obtain identification from the clerk, to verify the address and permit number, and to ask if the clerk had attended a seller-training program. Sergeant Placette also identified the videotape which was made on August 19, 1994, when Tyson sold beer to the minor.

On cross-examination, Sergeant Placette said that the minor's parent had given written permission for the minor to be involved in the "sting operation" but the parent who gave consent was not present when the minor purchased beer from Tyson. Sergeant Placette also agreed that he was familiar with the fact that it is a "crime for a minor to purchase alcohol." [3]

*Standing*

The Court of Criminal Appeals discussed "standing" to insist upon the exclusion of evidence under Article 38.23, if the evidence was obtained in violation of law, in *Fuller v. State,* 829 S.W.2d 191 at 201 (Tex.Cr.App. 1992), *cert. den'd,* 508 U.S. 941, 113 S.Ct. 2418, 124 L.Ed.2d 640 (1993), stating:

[T]he State does not defend legality of the seizure, but contends that Appellant has no standing to contest it. We agree.

In general, standing is a constitutional requirement of justiciability.... By this reckoning, courts lack the authority to answer abstract questions of law or to entertain litigation by persons who have not suffered actionable injury, since resolution of such matters is more appropriate to the political branches of government.

In Texas, the law of standing has been developed mainly in the courts of civil jurisdiction. There, "[i]t is a fundamental rule of law that only the person whose primary legal right has been breached may seek redress for an injury."

\*      \*      \*      \*      \*      \*

Kindred rules have also appeared in the criminal context, usually as a result of search-and-seizure litigation. Thus, when the predecessor of article 38.23(a) was first enacted in 1925, contentions identical to those presented here were urged soon after. And, in a series of early opinions, this Court rejected them all, holding that *"[t]he right to complain because of an illegal search and seizure is a privilege personal to the wronged or injured party, and is not available to anyone else."* Our position in this respect has remained generally unchanged over the years.

As in the past, *we do not interpret the sweeping language of article 38.23(a) to confer automatic third party standing* upon all persons accused of crimes, such that they may complain about the receipt of evidence which was obtained by violation of the rights of others, no matter how remote in interest from themselves. *Although article 38.23 might be read in such a way,* we are simply unwilling, by statutory interpretation, to work such a fundamental change in this State's elemental law of standing without a rather more explicit indication of legislative intent.

\*      \*      \*      \*      \*      \*

No actionable wrong was visited upon Appellant as a result of the seizure. For this reason we hold that he is also without standing to challenge such illegality in the context of a criminal prosecution, and we

---

**3.** Sergeant Placette did not agree that his task force had violated the statutes which make it illegal for a minor to purchase or possess an alcoholic beverage.

reaffirm our early cases to such effect. (Emphasis added; Citations omitted)

See also and compare: *Armendarez v. State*, 822 S.W.2d 321 at 323 (Tex.App.—Fort Worth 1992, pet'n ref'd); *Ramirez v. State*, 822 S.W.2d 240 at 245 (Tex.App.—Houston [1st Dist.] 1991, pet'n ref'd); *Lopez v. State*, 817 S.W.2d 150 at 152 (Tex.App.—El Paso 1991, no pet'n); and *Satterwhite v. State*, 697 S.W.2d 774 (Tex.App.—Corpus Christi 1985, pet'n ref'd).

### This Court's Ruling

This court agrees with the reasoning in *Fuller*. Tyson does not have "standing" to suppress the evidence under Article 38.23 because none of his rights were violated in the transaction.

The trial court's order which granted the motion to suppress is reversed, and the cause is remanded for trial.