Stephen C. MARTIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–00–00204–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Nov. 8, 2001.

Decided Dec. 14, 2001.

Ronald R. Harden, Canton, for appellant.

Charles C. Bailey, Titus/Camp County District Attorney, Mount Pleasant, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

WILLIAM J. CORNELIUS, Chief Justice.

Stephen C. Martin was convicted by a jury of possession of methamphetamine in an amount of more than four but less than 200 grams. The jury assessed Martin's punishment at ten years' imprisonment and a $5,000.00 fine, but recommended he be placed on community supervision. The trial court sentenced Martin accordingly.

On appeal Martin contends the trial court erred in overruling his motion to suppress and in failing to give a jury instruction on criminal trespass. We overrule these contentions and affirm the trial court's judgment.

We review the trial court's ruling on a motion to suppress by an abuse of discretion standard. *Oles v. State*, 993 S.W.2d 103, 106 (Tex.Crim.App.1999). In a suppression hearing, the trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimonies. We view the evidence in the light most favorable to the trial court's ruling, *State v. Ballard*, 987 S.W.2d 889, 891 (Tex.Crim.App.1999), and afford almost total deference to the trial court's determination of historical facts

that the record supports, especially when the fact findings are based on an evaluation of the witnesses' credibility and demeanor. *State v. Ross*, 32 S.W.3d 853, 856 (Tex.Crim.App.2000); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997). We review de novo the court's application of the law of search and seizure to those facts. *State v. Ross*, 32 S.W.3d at 856. As no findings of fact or conclusions of law were filed, we will assume that the trial court made implicit findings of fact that support its ruling. If the trial court's decision is correct on any theory of law applicable to the case, we will sustain the decision. *State v. Ross*, 32 S.W.3d at 855–56.

At the direction of Mount Pleasant police officer Kent Basinger, a confidential informant named Dee Ann Marshall went into Martin's residence and videotaped the premises. Based on the videotape and on other probable cause information provided by the informant, the police officer prepared a supporting affidavit, and then obtained and executed a search warrant for Martin's home. Martin was present in the home when Basinger conducted the search, and Basinger testified that Martin consented to the search. During the search, the officer found and seized methamphetamine.

▮ Martin contends that Marshall's entrance into his house to videotape it constituted a criminal trespass by a person acting as an agent of law enforcement and that the evidence obtained from the search was therefore inadmissible under TEX.CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon Supp.2002). He also contends that the search warrant obtained by officers to search his home was not supported by probable cause because it was based on information illegally obtained.

▮ These contentions depend on Martin's conclusion that Marshall's entry into the home for video recording was a criminal act. A search warrant may not be lawfully procured by the use of illegally obtained information. *Brown v. State*, 605 S.W.2d 572, 577 (Tex.Crim.App.1980) (citing *Davidson v. State*, 240 So.2d 463 (Miss. 1970)). However, the inclusion of tainted allegations in an affidavit will not automatically render invalid a search warrant based on the affidavit. *Castillo v. State*, 818 S.W.2d 803, 805 (Tex.Crim.App.1991). The relevant inquiry is whether, putting aside all tainted allegations, the independently and lawfully acquired information stated in the affidavit clearly established probable cause. *Id.* If the tainted information was clearly unnecessary to establish probable cause for the search warrant, the defendant could not have been harmed by the inclusion of the tainted information in the affidavit.

The affidavit states that Marshall told Basinger that she was present at Martin's house within the seventy-two hours before the execution of the affidavit and that she personally saw the illegal drugs.[1] If her presence there was a criminal act that triggers the exclusionary rule of TEX.CODE CRIM. PROC. ANN. art. 38.23 (Vernon Supp. 2002), the affidavit cannot depend for support on the alleged fact that she was there and saw the drugs. *See, e.g., Brown v. State*, 605 S.W.2d 572, 577 (Tex.Crim.App. 1980). It would need some other sufficient basis. However, this alleged fact is the only statement in the affidavit directly implicating Martin in the crime of drug possession. Without this alleged fact, there remain in the affidavit only statements purporting to establish the credibility of

---

1. Marshall entered Martin's residence and made a video recording of the premises on April 30. The affidavit is dated May 1.

the informant. Thus, the affidavit would have no factual support for the claim that drugs were at Martin's home, and the search warrant consequently would not be based on adequate probable cause.

■ Having determined that the affidavit cannot stand if Marshall's presence at Martin's home was a criminal trespass at the time she saw the drugs, we must next consider whether the trial court erred in its implicit conclusion that her presence in the home was not illegal. For our purposes, criminal trespass occurs if Marshall entered or remained on Martin's property without his consent and if she had notice that her entry was forbidden or had been told to depart but failed to do so. TEX. PEN.CODE ANN. § 30.05 (Vernon Supp. 2002). Marshall testified she was living at Martin's residence at the time she made the video recording, and that she had a key to the residence that Martin gave her. Martin testified that Marshall had permission to be at his home only when he was also present; that he never gave her a key; and that she spent nights there on several occasions, but she never lived there permanently. The testimony of Martin's girlfriend was consistent with Martin's testimony. It was undisputed that when Marshall was at Martin's residence making the video recording, Martin was not present. But there is no evidence that when Marshall saw the drugs in Martin's residence—the fact to which the affidavit refers—Martin was not present at the home. Martin may have been at home, and Marshall may have been there with his permission. The time when she made the video recording and the time when she saw the drugs are not necessarily the same. Marshall, being one who regularly came and went in the house, may have seen the drugs at a previous time within the seventy-two-hour period as well. By Martin's own admission, Marshall sometimes had permission to be there. No evidence was introduced to show that when she saw the drugs, she did not have permission to be there. The evidence supports the trial court's implicit finding that Marshall did not commit a criminal trespass when she observed the illegal drugs. Additionally, whether Marshall was a law enforcement agent when videotaping Martin's premises is irrelevant to our present inquiry into the possible criminal trespass because TEX. CODE CRIM. PROC. ANN. art. 38.23 excludes evidence procured by an illegal act, whether committed by a law enforcement agent or by a private person. *State v. Johnson*, 939 S.W.2d 586, 587 (Tex.Crim.App.1996).

■ In determining whether the affidavit contains sufficient facts to establish probable cause for the issuance of the warrant, we are limited to the "four corners of an affidavit," *Jones v. State*, 833 S.W.2d 118, 123 (Tex.Crim.App.1992); *Lagrone v. State*, 742 S.W.2d 659, 661 (Tex.Crim.App. 1987), and we use the "totality of the circumstances" analysis announced in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Under this analysis, the informant's reliability and basis of knowledge, as established by the facts in the affidavit, are relevant considerations in probable cause determinations: "a deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability." *Id.*, 462 U.S. at 233, 103 S.Ct. 2317. Corroboration of the details of an informant's tip by independent police work is another relevant consideration in the totality of the circumstances analysis. *Id.* at 241–42, 103 S.Ct. 2317.

■ Basinger's belief in the veracity of Marshall's allegations regarding the presence of drugs in Martin's residence was based on the following facts as listed in the affidavit: Marshall had never been convict-

ed of a felony; she held a steady, reputable job in the Mount Pleasant area; she supplied other information relating to Martin and his residence that Basinger had determined to be true by his own investigation; the information she supplied was corroborated by the videotape made with police video equipment; and the information had also been reported by other informants. Even disregarding the statement about the videotape, it was not error for the magistrate to depend on statements of employment history, the lack of a felony criminal history, and the independent investigatory work of the detective to establish the credibility of a confidential informant who claimed to have personally seen illegal drugs at Martin's residence. We conclude that the trial court correctly concluded that the warrant was supported by probable cause.

▉▉▉ Moreover, Basinger testified that Martin consented to the search that produced the illegal drugs. It is true that Martin denied that he consented, but the trial court was free to believe Basinger. If Martin consented to the search, he waived any complaint about a lack of probable cause, unless the consent was procured or motivated by prior or contemporaneous illegal conduct by the police. We have already found that Marshall did not commit a criminal trespass when she initially went into Martin's house, and there is no other suggestion of misconduct producing the consent. Thus, the trial court's implied finding that Martin consented to the search is supported by sufficient evidence.

We now come to the issue pertaining to jury instructions. Where the evidence raises an issue concerning whether evidence against an accused was obtained illegally, the accused is entitled to have the jury instructed that no evidence illegally obtained may be used against him; and if the jury believes or has a reasonable doubt that the evidence was illegally obtained, it must disregard that evidence. Tex.Code Crim. Proc. Ann. art. 38.23(a). Martin argues that the trial court erred by not including a definition of criminal trespass to aid the jury in its determination of whether Marshall's presence at Martin's home when videotaping the premises was a criminal trespass. Contrary to his present argument, Martin did not request such a definition in his proposed jury instruction. He did request, however, an instruction that makes clear he wanted the jury to consider whether Marshall committed burglary or trespass when she went there to videotape the premises. To preserve error a request need only be sufficient to call the trial court's attention to the omission in the court's charge. Tex.Code Crim. Proc. Ann. art. 36.15 (Vernon Supp.2002); *Simmons v. State*, 741 S.W.2d 595 (Tex. App.—Dallas 1987, pet. ref'd).

▉▉▉ On appeal, Martin does not raise the lack of an instruction on burglary. Thus, we consider only whether the trial court erred in refusing an instruction on criminal trespass. Given the elements of criminal trespass set out above, Martin had the burden of introducing evidence to show that Marshall did not have his consent to be at his home when she made the videotape, and that he had given her notice that entry was forbidden or had told her to leave and she did not leave. The only evidence cited on appeal by Martin as arguably showing that Marshall committed a trespass was his own testimony that he had never given her permission to be at his home when he was not there. Apparently, Martin wanted the jury to infer from this statement that he had also given Marshall explicit notice that her presence there without him was forbidden. We do not believe that one necessarily follows from the other, and the Legislature must have thought the same or it would not

have separated the two issues within the statutory language. *See* TEX. PEN.CODE ANN. § 30.05. One can be on another's property without permission and yet still be without notice that his presence there is forbidden. Having failed to produce evidence on each element of trespass, Martin was not entitled to a jury instruction on the matter.

▪ Even if we were to conclude that Martin was entitled to a jury instruction on trespass, we find that the court's refusal to give the charge was harmless error at worst. Error in the charge that is the subject of a timely objection in the trial court requires reversal if the error is calculated to injure the rights of a defendant, which means there must be some harm to the accused from the error. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App. 1984) (op. on reh'g). Here, even if the trial court had given the instruction and the jury had found that Marshall committed a criminal trespass when video recording Martin's residence, the only evidence that would have been rightfully excluded was the videotape. Although the videotape was mentioned, it was not shown to the jury. Excluding the videotape or any statement about it would have had no effect whatsoever on the outcome of the trial. Most incriminating were the illegal drugs found during the search, which would have been found anyway given the fact that there was adequate probable cause for the search warrant that produced them. For the reasons stated, we affirm the judgment.