NUMBER 13-00-651-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






CAROL B. PHILLIPS, Appellant,


v.



THE STATE OF TEXAS, Appellee.





On appeal from County Court at Law No. 2


of Fort Bend County, Texas






O P I N I O N



Before Justices Yañez, Rodriguez and Baird (1)


Opinion by Justice Baird



 Appellant was charged by information with the misdemeanor offense of sale of
an alcoholic beverage to a minor. Tex. Alco. Bev. Code Ann. § 106.03(a) (Vernon
Supp. 2003). Following a pre-trial suppression hearing, the associate county court at
law judge granted appellant's motion to suppress. The State appealed that ruling to
the county court at law judge who reversed the decision of the associate judge. 
Appellant subsequently entered a negotiated plea of guilty, and was assessed a fine
of $100.00. In a single point of error, appellant challenges the denial of the motion
to suppress. We reverse.

I. The Trial Court.

 At the hearing conducted by the associate county court at law judge on the
motion to suppress evidence, the following testimony was developed. Shannon Burger
was a seventeen year old minor child on the date of the alleged offense. Burger was
asked by her aunt, a Texas Alcoholic Beverages Commission (TABC) officer, to enter
a liquor licensed premise, and purchase an alcoholic beverage. Burger agreed to assist
her aunt, and was instructed to enter the Mustang Lounge in Rosenberg, Texas. Prior
to her entrance, Burger did not observe any signs prohibiting minors from entering the
premises. Burger further testified that she did not see any such sign in the lounge, but
acknowledged a sign could have been posted and she simply did not see it. 

 Appellant, a bartender at the Mustang Lounge on the date of the alleged
offense, testified signs which prohibited the entrance of any person under eighteen
years of age were posted at the entrance, and inside the lounge. Appellant testified
these signs were posted on the night of the alleged offense, and clearly visible. (2) 
Appellant admitted selling an alcoholic beverage to Burger without asking for
identification. Appellant testified that if a patron appeared to be underage, she would
ask for identification, and if the identification confirmed that the patron was underage,
appellant would ask the patron to leave. If the patron refused to leave, appellant
would call a "bar back" to escort the patron from the premises.

 Daryl Darnell, a TABC enforcement agent, testified he was conducting an
undercover operation of the Mustang Lounge on the night of the alleged offense. 
Darnell testified that Burger's role in the operation was the undercover minor. Darnell
escorted Burger into the Mustang Lounge, and saw appellant sell an alcoholic beverage
to Burger. Darnell testified he did not see any signs prohibiting persons under eighteen
years of age at either the entrance to the lounge, or inside the premises. Darnell
acknowledged such signs could have been posted, but he simply did not recall seeing
one. 

 After hearing arguments on the motion, the associate judge took the matter
under advisement, and subsequently granted the motion to suppress. The State filed
a "Request for Findings of Fact and Conclusions of Law and Notice of Appeal." The
associate judge complied with the State's request, and found, inter alia: that Burger
was seventeen years of age when she entered the Mustang Lounge, a premise licensed
for the sale of alcoholic beverages; Burger was accompanied by a TABC agent for the
purpose of having Burger attempt to purchase an alcoholic beverage; no sign
prohibiting entry to persons under eighteen years of age was posted at the entrance
of the lounge; such a sign was posted within the premises in such a manner as to be
reasonably likely to come to the attention of intruders; Burger remained on the
premises of the lounge even though a sign was posted on the property prohibiting
entry to persons under eighteen years of age; appellant had a greater right of
possession to the establishment than did Burger; appellant had the apparent authority
to act on behalf of the owner; neither Burger nor the TABC agent accompanying her
were a fire fighter or emergency medical service personnel acting in the lawful
discharge of an official duty under exigent circumstances; and, no warrant authorized
Burger or the TABC agent to enter the lounge. 

 The associate judge then made conclusions of law which set forth section
30.05 of the Texas Penal Code which defines the offense of criminal trespass. See
Tex. Pen. Code Ann. § 30.05 (Vernon Supp. 2003). The conclusions also set forth
article 38.23 of the code of criminal procedure, the Texas Exclusionary Rule. See Tex.
Code Crim. Proc. Ann. art. 38.23 (Vernon Supp. 2003). 

 The State then filed a notice of appeal, a request for a de novo hearing, and
objections to the findings of the associate judge. Specifically, the State objected to
the application of section 30.05 and article 38.23 to the instant case, and the failure
of the associate judge to include within his findings and conclusions "any of the
State's arguments and law which were presented to the Associate Judge." Both the
State and appellant submitted briefs to the county court-at-law judge stating their
respective positions. The county court-at-law judge granted the State the right of
appeal, and overruled the decision of the associate judge. The county court-at-law
judge then denied appellant's motion to suppress without conducting a de novo
hearing, and did not enter findings of fact or conclusions of law. Appellant eventually
entered into a plea agreement with the State whereby appellant would plead nolo
contendre to the offense of sale of an alcoholic beverage to a minor, and the State
would recommend punishment at a fine of $100. The county court-at-law judge
followed the punishment recommendation. Appellant filed a proper and timely notice
of appeal. Tex. R. App. P. 25.2(b)(3)(C). 

II. Arguments and Analysis.

A. Was Burger a Trespasser?

 Appellant contends Burger's presence on the premises of the Mustang Lounge
constituted criminal trespass and, therefore, the evidence obtained by Burger should
have been suppressed under article 38.23. Tex. Code Crim. Proc. Ann. art. 38.23
(Vernon Supp. 2003). The threshold issue, therefore, is whether Burger was a
trespasser. Section 30.05 provides, in pertinent part:

 (a) A person commits an offense if he enters or remains on property, . .
. of another without effective consent or he enters or remains in a
building of another without effective consent and he:

 (1) had notice that the entry was forbidden;


 (b) For purposes of this section:

 (2) "Notice" means:

 (C) a sign or signs posted on the property . . . reasonably
likely to come to the attention of intruders, indicating that
entry is forbidden;


 (c) It is a defense to prosecution under this section that the actor at the
time of the offense was a fire fighter or emergency medical services
personnel . . . acting in the lawful discharge of an official duty under
exigent circumstances.


Tex. Pen. Code Ann. § 30.05 (Vernon Supp. 2003). In light of the findings of fact and
conclusions of law entered by the associate judge, Burger was a trespasser. (3)

 Despite those findings, the State argues that Burger was entitled to enter the
Mustang Lounge because the Texas Alcoholic Beverage Code provides for the use of
minors to conduct undercover operations. In support of this argument, the State cites
sections 101.04 and 106.05 of the Texas Alcoholic Beverage Code.

 Section 101.04 (Consent to Inspection) provides:

 By accepting a license or permit, the holder consents that the
commission, an authorized representative of the commission, or a peace
officer may enter the licensed premises at any time to conduct an
investigation or inspect the premises for the purpose of performing any
duty imposed by this code.

Tex. Alco. Bev. Code Ann. § 101.04 (Vernon 1995). Clearly, section 101.04 creates
an exception to the warrant requirement for a member of the Alcoholic Beverage
Commission, an authorized representative of the commission, or a peace officer to
enter premises selling alcohol for the purpose of inspection or investigation. Santikos
v. State, 754 S.W.2d 416, 418 (Tex. App.-Corpus Christi 1988), aff'd, 836 S.W.2d
631 (Tex. Crim. App. 1992). This type of statutory waiver of Fourth Amendment
protections against warrantless searches is well established with respect to certain
heavily regulated business enterprises. Donovan v. Dewey, 464 U.S. 594, 598-601
(1981); Colonnade Catering Corp. v. United States, 397 U.S. 72, 75-76 (1970)
(specifically recognizing power of Congress to impose regulations upon liquor industry
permitting reasonable warrantless entries into business establishments). However, this
waiver is not unlimited. Colonnade Catering, 397 U.S. at 77; Crosby v. State, 750
S.W.2d 768 (Tex. Crim. App. 1987). Section 101.04 does not authorize any
individual to enter the premises; rather, it limits warrantless searches to TABC officers,
"an authorized representative of the commission," or peace officers. Clearly, Burger
was not a TABC officer. Further, there is no evidence that Burger was a "peace
officer" as defined by article 2.12 of the Texas Code of Criminal Procedure. Tex. Code
Crim. Proc. Ann. art. 2.12 (Vernon Supp. 2003). Nor could Burger have been
"deputized" in accordance with article 2.14 of the Texas Code of Criminal Procedure. 
Tex. Code Crim. Proc. Ann. art. 2.14 (Vernon 1977). 

 The only remaining issue is whether Burger was an "authorized representative
of the commission." Our independent research has not revealed a single case where
this term has been defined. Nor have we found any administrative provision entitling
TABC agents to employ minors in undercover activities. The State argues section
106.05 of the Texas Alcoholic Beverage Code provides such authority. Section
106.05 (Possession of Alcohol by a Minor) provides, in part: 

 (a) Except as provided in Subsection (b) of this section, a minor commits an
offense if he possesses an alcoholic beverage.


 (b) A minor may possess an alcoholic beverage:


 (1) while in the course and scope of the minor's employment if the minor
is an employee of a licensee or permittee and the employment is not
prohibited by this code;


 (2) if the minor is in the visible presence of his adult parent, guardian, or
spouse, or other adult to whom the minor has been committed by a
court; or


 (3) if the minor is under the immediate supervision of a commissioned
peace officer engaged in enforcing the provisions of this code.

Tex. Alco. Bev. Code Ann. § 106.05 (Vernon Supp. 2003).

 Section 106.05 defines the criminal offense of possession of alcohol by a minor
and lists specific exceptions to prosecution. Dorris v. Price, 22 S.W.3d 42, 46 n.2
(Tex. App.-Eastland 2000, pet. denied); Carter v. State, 775 S.W.2d 780, 782 (Tex.
App.-Houston [1st Dist.] 1989, no pet.). While the section expressly exempts minors
who participate in undercover activities, section 106.05 does not expressly authorize
TABC agents to recruit minors to enter licenced premises for the purpose of purchasing
alcohol. Because there is no such authority within this section or elsewhere in the
code, we hold Burger was not an authorized representative of the commission and,
therefore, her presence in the Mustang Lounge was not justified under sections
101.04 and 106.05.

 Finally, we note that neither section 101.04 nor 106.05 exempts minors from
the criminal trespass statute. Had the legislature intended to make such an exemption,
"TABC undercover minors" could have easily been listed in section 30.05(c) along with
fire fighters and emergency medical services personnel. Our law is clear that the
express mention or enumeration of one person, thing, consequence, or class is
tantamount to an express exclusion of all others. Ex parte McIver, 586 S.W.2d 851,
856 (Tex. Crim. App. 1979). The State argues that not all exceptions to section
30.05 are enumerated within the statute. In support of this argument, the State relies
upon Rosalez v. State, 875 S.W.2d 705 (Tex. App.-Dallas 1993, pet. ref'd). 
However, that reliance is misplaced. The Rosalez Court conducted exhaustive research
on why peace officers were not specifically enumerated in section 30.05 and came to
the following conclusion:

 It is clear from the above committee meeting discussions and floor
debates why the legislature did not provide a defense to prosecution for
peace officers under section 30.05(c). The legislature obviously was
concerned that peace officers might enter a person's property and
conduct an illegal search under the pretext they were there because of
exigent circumstances. But the legislature was aware too that peace
officers could avail themselves of at least two separate defenses under
the penal code to avoid prosecution for any criminal trespass they might
commit in the course of performing their official duties under exigent
circumstances. We conclude based on the statute's legislative history
that one of the reasons the legislature did not provide a specific defense
to prosecution for peace officers under section 30.05(c) is because an
adequate defense to prosecution for this offense is available under
section 9.21 of the Texas Penal Code.


Id. at 716-717. As discussed above, Burger was not a peace officer under either
article 2.12 or 2.14. Tex. Code Crim. Proc. Ann. art. 2.12 (Vernon Supp. 2003), art.
2.14 (Vernon 1977). Therefore, Rosalez is not persuasive authority in the instant
case.

 Having held that neither section 101.04 nor 106.05 of the Texas Alcoholic
Beverage Code authorized Burger's presence in the Mustang Lounge, we hold Burger
was a trespasser.

B. Article 38.23, The Texas Exclusionary Rule.

 Appellant argues that since Burger was a trespasser, article 38.23 requires that
the evidence obtained as a result of the trespass must be suppressed. The State
argues that even if Burger was a trespasser, appellant lacks standing under article
38.23.

 Article 38.23(a) provides: 

No evidence obtained by an officer or other person in violation of any
provisions of the Constitution or laws of the State of Texas, or of the
Constitution or laws of the United States of America, shall be admitted
in evidence against the accused on the trial of any criminal case.


Tex. Code Crim. Proc. Ann. art. 38.23 (Vernon Supp. 2003). This article, also known
as the Texas exclusionary rule, affords greater protection than the Fourth Amendment
to the United States Constitution and article I, section 9 of the Texas Constitution. 
Carroll v. State, 911 S.W.2d 210, 219 (Tex. App.-Austin 1995, no pet.). Greater
protection is afforded because the statute is very broad in nature. Vega v. State, 32
S.W.3d 897, 900 (Tex. App.-Corpus Christi 2000, no pet.). Article 38.23 expressly
includes within its sweep both law enforcement officers and private citizens who
violate the "law" to obtain evidence. State v. Johnson, 939 S.W.2d 586, 587-88
(Tex. Crim. App. 1996); Samuel v. State, 688 S.W.2d 492, 493-94, 496 (Tex. Crim.
App. 1985) (upholding exclusion under article 38.23 of defendant's post-arrest failure
to proclaim innocence after vigilante arrest); Hill v. State, 641 S.W.2d 543, 544 (Tex.
Crim. App. 1982) (evidence obtained as result of warrantless citizen's arrest should
have been excluded under article 38.23).

 Despite the statute's clear and unambiguous language, the literal text of the
statute has not always been followed. Johnson, 939 S.W.2d at 588 (McCormick,
P.J., dissenting) (citing Fuller v. State, 829 S.W.2d 191, 201-02 (Tex. Crim. App.
1992), at 211 (Miller, J., concurring), and at 210-11 (Clinton, J., dissenting)); State
v. Daugherty, 931 S.W.2d 268 (Tex. Crim. App. 1996). This is so because when
construing a statute, even one that is plain on its face, appellate courts may consider
other factors such as the object sought to be attained by the statute. Tex. Gov't Code
Ann. § 311.023 (Vernon 1998); see also Tex. Code Crim. Proc. Ann. art. 1.26
(Vernon 1977) (the provisions of the code shall be liberally construed so as to attain
the objects intended by the legislature). As stated by Professors George E. Dix and
Robert O. Dawson: 

 Given the number and nature of statutory requirements that might be
violated in the acquisition of evidence, reading [Article 38.23] as
applicable without qualification to all "laws" is arguably so absurd that
it cannot reflect legislative intention. . . . the fairest reading of the
statute is that it must have been intended to permit challenges to
evidence on the basis that the evidence was obtained in violation of a
"law" that serves to protect individual's personal and property rights from
infringement by others, whether those others are acting in official
capacities or not. "Laws" serving other functions, then, would not be a
sufficient predicate on which to base an article 38.23 objection to
prosecution evidence.


40 George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice and
Procedure § 4.46 (1995) (emphasis added).

 The Court of Criminal Appeals has stated the primary purpose of the
exclusionary rule is to deter police activity that could not have been reasonably
believed to be lawful by the officers committing the conduct. Drago v. State, 553
S.W.2d 375, 378 (Tex. Crim. App. 1977). More recently, the Austin Court of Appeals
stated the more accurate expression that the article's primary purpose is to deter
unlawful actions which violate the rights of the criminal suspects. Watson v. State,
10 S.W.3d 782, 784 (Tex. App.-Austin 2000, no pet.) (quoting Carroll, 911 S.W.2d
221). Simply stated, article 38.23 may not be invoked for statutory violations
unrelated to the purpose of the exclusionary rule. (4) Lane v. State, 951 S.W.2d 242,
243 (Tex. App.-Austin 1997, no pet.); Carroll, 911 S.W.2d at 221. Therefore, when
examining an article 38.23 claim the issue is whether the "law" violated to obtain the
evidence was a law that served to protect the defendant's personal or property rights
from infringement by others. 40 George E. Dix & Robert O. Dawson, Texas Practice:
Criminal Practice and Procedure § 4.46 (1995). If so, the defendant has standing
to pursue an article 38.23 claim; if not, the defendant has no standing and will not be
heard to complain on appeal.

 

 i. Does Burger's Trespass Implicate the Protections of Article 38.23?

 The question presented in the instant case is whether Burger's unlawful conduct
violated appellant's constitutional or statutory rights. (5) Despite the limitations upon
article 38.23 discussed above, it is indisputable that private citizen's violations of the
penal code may fall within the purview of article 38.23. Flanary v. State, 134 Tex.
Crim. 606, 117 S.W.2d 71, 71-72 (1938); Dunn v. State, 979 S.W.2d 403, 407
(Tex. App.-Amarillo 1998, pet. ref'd); State v. Johnson, 896 S.W.2d 277, 291 (Tex.
App.-Houston [1st] 1995), aff'd, 939 S.W.2d 586 (Tex. Crim. App. 1996).

 In Johnson, a capital murder prosecution, the decedent's sons entered the
residence where the defendant had lived with the decedent. Johnson, 896 S.W.2d
at 289. When removing the decedent's property, the sons also took private papers
belonging to the defendant, and delivered those papers to the police. Id. The State
sought to use these papers as evidence against the defendant, but the trial court
excluded the papers under article 38.23 because they had been unlawfully removed
from the defendant's residence. Id. at 290.

 The First Court of Appeals upheld the trial court's ruling based upon the plain
language of article 38.23: "the trial court found that the [decedent's sons] violated
the law in taking [defendant's] property. . . . The statute prevents this property, even
though taken by private persons, from being used in evidence against [the defendant]." 
Id. at 291. (6)

 In Dunn, an aggravated robbery case, the defendant contended the evidence of
the robbery should have been suppressed because it was recovered as a result of a
citizen's arrest. Dunn, 979 S.W.2d at 406. The Amarillo Court of Appeals recognized
that article 38.23 applied to the activities of private citizens and peace officers alike,
and accepted without question the presumption that article 38.23 would apply to
exclude the evidence if the appellant's arrest by a citizen had violated the law. Id. at
407. The court ultimately held that article 38.23 did not require the exclusion of
evidence of the robbery because the arrest was legal. Id. at 407-09.

 The case of Flanary, supra, was decided under the predecessor to article 38.23,
Texas Code of Criminal Procedure article 727a. In Flanary, two agents of the Texas
Liquor Control Board, armed with a search warrant, entered the defendant's place of
business and conducted a search which uncovered illegal whiskey. Flanary, 134 Tex.
Crim. at 606. The defendant argued the evidence should have been suppressed
because the law did not include Liquor Control Board agents as " peace officers" and
therefore, the agents were not entitled to conduct searches pursuant to a warrant. Id. 
The court of criminal appeals agreed, holding the search was not conducted by peace
officers, and therefore, the search of the defendant's residence was illegal. Id. at 607. 
While Flanary does not expressly state that the evidence was suppressed because the
search was conducted by private citizens, that is the necessary implication.

 At least two courts of appeals have addressed whether article 38.23 requires
the suppression of evidence obtained as a result of criminal trespass. In Martin v.
State, 67 S.W.3d 340 (Tex. App.-Texarkana 2001, pet. ref'd), a methamphetamine
possession case, the State executed a search warrant of the defendant's residence
based in part upon statements made by a confidential informant who had been inside,
and videotaped the residence. Id. at 343. The defendant urged the trial court to
suppress the informant's evidence because it was unlawfully obtained. Id. at 343-44. 
The Texarkana Court of Appeals accepted the premise that article 38.23 would require
that the informant's statements be excluded from the search warrant affidavit if the
informant had trespassed into the defendant's residence. Id. The Martin court 
ultimately upheld the search based upon the trial court's findings that the informant
was not a trespasser. Id. at 344.

 In McCuller v. State, 999 S.W.2d 801 (Tex. App.-Tyler 1999, pet. ref'd), a
prosecution for injury to the disabled, the defendant was charged with failing to
provide adequate care for his diabetic wife. Id. at 802. The defendant and his wife
lived in a house willed to the defendant's wife by her grandmother and subject to
certain conditions. Id. at 802-03. After the defendant's wife was hospitalized for her
diabetes, the executor of the estate brought eviction proceedings, contending the
defendant and his wife were not in compliance with the provisions of the will. Id. at
803. After the initiation of the proceedings, and during a time when the defendant's
wife was not home, the executor and his attorney entered the house with the
assistance of a locksmith, despite posted no-trespassing notices on the entrance. Id. 
While inside, the executor took photographs of the dilapidated condition of the interior
of the house, which were later used by the State to demonstrate the defendant's lack
of adequate home care of his wife. Id. The defendant objected to the photographs
on the basis that they were obtained as a result of criminal trespass, and should have
been excluded under article 38.23. Id.

 The Tyler Court of Appeals acknowledged that "the plain language of article
38.23 was construed to preclude the unlawful or unconstitutional actions of all
persons, both governmental and private." McCuller, 999 S.W.2d at 804 (citing State
v. Johnson, 939 S.W.2d 586, 587 (Tex. Crim. App. 1996)). Therefore, the
prohibitions of article 38.23 applied to exclude the photographing of the interior of the
house by the executor if he had gained entry of the house through criminal trespass.
Id. The court of appeals held that the defendant had "continuing legitimate
expectation of privacy in the invaded space at the time of entry" and therefore, the 
executor's entry into the house constituted a criminal trespass. Id. The photographs
should have been suppressed under article 38.23.

 In the instant case, we must draw a principled distinction between a private
citizen assisting law enforcement, and when a private citizen's activities conflict with
the protections established by article 38.23. To make this distinction, we contrast the
facts of the instant case with the hypothetical situation where a private citizen - a
confidential informant - assists the police in an undercover capacity to a purchase a
controlled substance. In our hypothetical, the dope dealer has posted signs on his
crack house specifically notifying all law enforcement officers and confidential
informants against trespassing on the premises.

 A licence to sell alcohol gives to its holder the legal right to sell alcoholic
beverages. Tex. Alco. Bev. Code Ann. § 28.01 (Vernon 1995). The license imposes
a concomitant legal obligation upon the licence holder not to sell alcohol to minors. 
Tex. Alco. Bev. Code Ann. § 106.03 (Vernon Supp. 2003). The sale of alcohol to a
minor can, in fact, result in the loss of a licence holder's right to sell alcohol. Tex.
Alco. Bev. Code Ann. § 61.71(a)(2) & (a)(5) (Vernon Supp. 2003) (licence may be
suspended for negligent sale of alcohol to a minor). One means of discharging this
obligation is to post trespass notices, notifying minors that they are not permitted
upon the premises.

 Trespass is both a criminal violation, Tex. Penal Code Ann. § 30.05 (Vernon
Supp.2003), and a civil tort. Pentagon Enters. v. Southwestern Bell Tele., 540
S.W.2d 477, 478 (Tex. App.-Houston [14th Dist.] 1976 writ ref'd n.r.e.). The
rationale behind these legal remedies is the individual's right to control his own
property from the incursions of others. Chunn v. State, 821 S.W.2d 718, 721 (Tex.
App.-Houston (1st Dist.) 1991, pet. ref'd); Reed v. State, 762 S.W.2d 640, 645
(Tex. App.-Texarkana 1998, pet. ref'd); Pentagon Enters., 540 S.W.2d at 478. This
right coincides with the right of a licence holder to conduct his business, while
attempting to lawfully exclude from his premises those not legally permitted to
purchase alcohol, but who might attempt to do so. Thus, in the case at bar, the
owner of the Mustang Lounge had both a legal right to sell alcoholic beverages, and
the legal obligation to exclude minors from the premises. The rights conferred by the
trespass statute were utilized to support the right to sell alcohol to the general public,
and the concomitant obligation not to sell alcohol to minors.

 The situation presented by the case at bar is easily contrasted to our
hypothetical situation where a drug dealer attempts to exploit the trespass statute to
exclude law enforcement personnel and civilian informants from his crack house. The
drug dealer has no "right" to sell the controlled substances to any person. While
maintaining a right to exclude others from his property, the drug dealer has no
legitimate right in utilizing the criminal trespass statute to further support his illegal
sale of contraband because there is no "right" to sell the controlled substances in the
first place. To the extent that article 38.23 has been limited to exclude violations of
the law which are unrelated to its purpose of preventing police and private individuals
engaging in illegal conduct for the purpose of investigating crime, Watson, 10 S.W.3d
at 784, we believe there is a critical distinction between a civilian acting in an
undercover capacity who violates the criminal trespass statute in order to purchase
drugs, and a civilian attempting to bypass a licence holder's legitimate attempts to
exclude minors from the licenced premises through the posting of no-trespass notices. 
40 George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice and
Procedure § 4.46 (1995). Consequently, we hold Burger's trespass implicates the
protections of article 38.23.


 ii. Does Appellant Have Standing to Invoke the Protections of Article 38.23?

 Having held the that instant violation of the criminal trespass statute falls under
the protection of article 38.23, we must now determine whether appellant has
standing to invoke the protections of article 38.23. Chavez v. State, 9 S.W.3d 817,
819 (Tex. Crim. App. 2000); Fuller v. State, 829 S.W.2d 191, 201-02 (Tex. Crim.
App. 1992). "The right to complain because of an illegal search and seizure is a
privilege personal to the wronged or injured party, and is not available to anyone else."
Fuller, 829 S.W.2d at 201. Nevertheless, standing may extend to a person acting in
a representative capacity. As noted in Fuller: 

 'Standing consists of some interest peculiar to the person individually and
not as a member of the general public.' Hunt v. Bass, 664 S.W.2d 323,
324 (Tex. 1984). 'For a person to maintain a court action, [therefore,]
he must show that he has a justiciable interest in the subject matter in
litigation, either in his own right or in a representative capacity.' Housing
Authority v. State ex rel. Velasquez, 539 S.W.2d 911, 913 (Tex. Civ.
App.-Corpus Christi 1976, writ ref'd n.r.e.). See also Develo-cepts, Inc.
v. City of Galveston, 668 S.W.2d 790 (Tex. App.-Houston [14th Dist.]
1984, no pet.).

 

Fuller, 829 S.W.2d at 201-02.


 As the Fuller court observed, third parties may possess standing when they have
a "justiciable interest in the subject matter in litigation, either in his own right or in a
representative capacity." Id. at 201. (7) Appellant challenges Burger's criminal trespass
onto the premises where appellant was an employee. At the hearing, appellant
testified that she possessed the authority by virtue of her employment to instruct
minors to leave the premises and that she could/would use another employee to
forcibly exclude a minor from the premises if necessary. The associate judge
specifically found appellant had a greater right of possession to the establishment than
did Burger; and appellant had the apparent authority to act on behalf of the owner. 
Appellant clearly possessed the authority to enforce the licence holder's right to
exclude minors from the premises. Consequently, we hold appellant has standing to
invoke the protections of article 38.23.

 The State argues that appellant has no standing because Burger's trespass did
not infringe upon any right held by Burger. In support of this argument the State relies
upon State v. Tyson, where a store clerk sold an alcoholic beverage to a minor. (8) State
v. Tyson, 919 S.W.2d 900, 902 (Tex. App.-Eastland 1999, no pet.). The defendant
argued the evidence was unlawfully obtained because the TABC agent violated the
Texas Alcoholic Beverage Code in permitting a minor to purchase an alcoholic
beverage. The Tyson court found a lack of standing because none of the defendant's
rights were violated in the transaction. Id. at 903. In other words, even though a law
was violated and that law violation led to evidence against the defendant, the violation
of that law did not violate any personal right of the defendant.

 Another case on the same theme is Watson v. State, where the defendant
agreed to engage in a sex act solicited by an undercover police officer. Watson, 10
S.W.3d at 783. The defendant argued the evidence was unlawfully obtained because
the officer violated the law by agreeing to engage in sexual conduct for a fee. 
Watson, 10 S.W.3d at 783-84; see also Tex. Pen. Code Ann. § 43.02 (Vernon Supp.
2003). The Watson court rejected the argument because the violation of the law by
the officer did not violate any constitutional or statutory right possessed by the
defendant. Id. at 784. In other words, because the defendant had no right to solicit
sexual conduct, he had no standing to complain about the violation of the law by the
undercover peace officer who made the sexual offer. Id.

 We find both cases distinguishable. Tyson, supra, is distinguishable because
the only issue regarding standing was the direct violation of Texas Alcoholic Beverage
Code, section 106.03(a). Watson is similarly distinguishable because the sole issue
was whether the defendant had standing to challenge the police officer's violation of
section 43.02 of the Texas Penal Code. The present situation is demonstrably
different because appellant has standing by virtue of her representative capacity as an
employee authorized to enforce the criminal trespass notice. Additionally, appellant
has standing to the extent the criminal trespass notice was posted for her protection
from minors attempting to illegally purchase alcohol. Consequently, we hold appellant
has standing to invoke the protections of article 38.23.

III Conclusion.

 For the reasons stated above, we hold Burger was a trespasser. We further hold
that a violation of the criminal trespass statute, section 30.05, implicates the
protections of article 38.23. Finally, we hold appellant by virtue of her status as an
employee at the Mustang Lounge had standing to invoke the protections of article
38.23. Consequently, we hold the trial court erred by denying appellant's motion to
suppress evidence.

 The judgment of the trial court is reversed and this cause is remanded for further
proceedings consistent with this opinion.


 

 CHARLES F. BAIRD

 Justice


Publish.

Tex. R. App. P. 47.2(b)


Opinion delivered and filed this 

the 24th day of April, 2003.

1. Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by
the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003
(Vernon 1998).
2. On cross-examination, appellant stated she was not positive the signs were posted
on the outside of the premises, but maintained her position that the signs were posted inside
the premises. 
3. The State argues that we should not accept the findings of the associate judge. But
as noted above, he was the only judge to hear testimony in this case. The county court-at-law judge did not conduct a de novo hearing despite the State's request for one. Therefore,
the associate judge was in the best position to make findings of historical fact and informed
judgments of credibility. To ignore these findings would be tantamount to denying appellant
a hearing on the motion to suppress evidence. Of course this would constitute a denial of
due process. Ex parte Geiken, 28 S.W.3d 553, 560 (Tex. Crim. App. 2000) (due process
requires "notice and a meaningful opportunity to be heard"). As we held in Ex parte Kubas,
83 S.W.3d 366, 368 (Tex. App.-Corpus Christi 2002, no pet.), "we give the trial court
almost total deference with regard to findings of historical fact supported by the record, but
we review the trial court's determination of the law as well as its application of the law to
the facts de novo." See also, Pena v. State, 61 S.W.3d 745, 752-53 (Tex. App.-Corpus
Christi 2001, no pet.). Therefore, we will consider the findings of fact made by the associate
judge, and review de novo the conclusions of law.
4. We have found many examples of violations of the law did not invoke the provisions
of article 38.23(a). Roy v. State, 608 S.W.2d 645, 651 (Tex. Crim. App.1980) (violation
of the Assumed Name Statute did not require suppression under article 38.23); Pannell v.
State, 666 S.W.2d 96, 97-98 (Tex. Crim. App.1984) (violation of a disciplinary rule of the
Code of Professional Responsibility of the State Bar of Texas does not constitute a violation
of a state law within the meaning of article 38.23); Andrews v. State, 164 Tex.Crim. 1, 296
S.W.2d 275, 276 (1956) (testimony of physician not licensed to practice in Texas who
conducted examination of a rape complainant was did not invoke article 38.23); Fisher v.
State, 839 S.W.2d 463, 469 (Tex. App.-Dallas 1992, no pet.) (Health and Safety Code
section 481.159 "has nothing to do with the exclusionary rule"); Ramirez v. State, 822
S.W.2d 240, 246 (Tex. App-Houston [1st Dist.] 1991, pet. ref'd) (arrest not invalidated by
the fact that a citizen-informer who assisted officer in arrest illegally possessed a firearm);
Stockton v. State, 756 S.W.2d 873 (Tex. App.-Austin 1988, no pet.) (evidence obtained by
undercover narcotics officer enrolled in high school in violation of Texas Education Code not
excluded under article 38.23).
5. We first note that this case involves the violation of two separate statutes: 
trespassing and the sale of an alcoholic beverage to a minor. The latter violation of the
Alcoholic Beverage Code is discussed below in section ii, infra, where we discuss the issue
of standing. We address the violation of the criminal trespass statute in this section.
6. The court of appeals held the evidence was properly suppressed even though the
decedent's sons were not prosecuted for burglary or theft. In fact, the grand jury no-billed
the sons for their actions in obtaining the defendant's papers. Johnson, 896 S.W.2d at 289. 
It is, therefore, clear that the unlawful conduct by private persons does not depend upon a
formal prosecution before the protections of article 38.23 may be invoked.
7. In discussing third party standing, Fuller cited this Court's opinion in Housing
Authority v. State ex rel. Velasquez, 539 S.W.2d 911, 913 (Tex. Civ. App.-Corpus Christi
1976, writ ref'd n.r.e.). In that case, we cited several grounds in which a litigant might
satisfactorily demonstrate third party standing: 1) she has sustained, or is immediately in
danger of sustaining, some direct injury as a result of the wrongful act of which she
complains; 2) she has a direct relationship between the alleged injury and claim sought to be
adjudicated; 3) she has a personal stake in the controversy; 4) the challenged action has
caused the plaintiff some injury in fact, either economic, ethic, recreational, environmental,
or otherwise; or 5) she is an appropriate party to assert the public's interest in the matter, as
well as her own interest. Velasquez, 539 S.W.2d at 913-14. We find that appellant meets
several of these criteria to assert third party standing in the instant case.
8. The State also relied upon Tyson in the hearing before the associate judge. However,
the associate judge did not address this argument in his findings and conclusions which
caused the State to object to the failure to include "any of the State's arguments and law
which were presented to the Associate Judge."