**Leon Deryl PINKSTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46963.**

Court of Criminal Appeals of Texas.

Nov. 14, 1973.

Rehearing Denied Dec. 5, 1973.

Randell C. Riley, Fort Worth, for appellant.

Tim Curry, Dist. Atty., M. D. Snodgrass, R. A. Sewell, and R. W. Crampton, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of theft of property over the value of $50. The punishment was assessed at four years.[1]

Both of the contentions of appellant are that the outboard motor alleged to have been stolen was found as a result of an illegal search of the automobile in which he was a passenger.

The sufficiency of the evidence is not challenged. The arrest and search of the automobile at Lake Arlington was made at approximately 4:30 o'clock in the morning

by officers of the Arlington Police Department. The testimony of the officers reflects that they saw an automobile near the emergency spillway area of Lake Arlington. As the officers approached, they saw that the automobile tires were low and spinning in the mud. Upon arrival, they saw muddy water running out of the trunk of the car. Three men were in the car. Copeland, the driver, consented to the search and handed the keys to one of the officers. In the trunk the officers found a thirty-three horsepower Evinrude outboard motor. It had fresh moss on it and the controls had been cut.

The officers testified that the three men were in an area prohibited by a curfew ordinance of the City of Arlington. The appellant contends that the ordinance is void. It is not necessary to pass upon this contention because the officers had a right to investigate why the car was in the area where boats and motors were located at 4:30 in the morning with muddy water running out of the trunk. Article 14.03, Vernon's Ann.C.C.P., provides:

"Any peace officer may arrest, without warrant, persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace, or threaten, or are about to commit some offense against the laws."

Further, when Copeland the driver and owner of the car, gave consent to the search, the officers had a right to search. See Brown v. State, 476 S.W.2d 699; Hardy v. State, Tex.Cr.App., 496 S.W.2d 635, and Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).

No error is shown. The judgment is affirmed.

---

1. This is a companion case to Hardy v. State, Tex.Cr.App., 496 S.W.2d 635.