NO. 07-10-00471-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



AUGUST
1, 2011

 



 

DAVID ROBERT SANDOVAL, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 69TH DISTRICT COURT OF
MOORE COUNTY;

 

NO. 4401; HONORABLE RON ENNS, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

            Appellant,
David Robert Sandoval, appeals his conviction for the offense of burglary of a
habitation, and sentence, enhanced by two prior felony convictions, of 90 years
incarceration.  We affirm.

Background

            On
February 25, 2010, Coty Isbell stopped by his house following his lunch break
and discovered that his television and laptop computer were missing.  Isbell called the police to report the crime.  Because Isbell still had the paperwork from
his purchase of these items, he was able to provide police with serial numbers
for both the television and laptop. 
Police began investigating the suspected burglary, but were unable to
find any physical evidence of the crime at Isbell’s house.

            On
February 27, 2010, Deputy Rusty Smith received a phone call from another
officer informing Smith that there might be someone trespassing on Smith’s
property.  Smith went to his residence to
investigate and noticed a vehicle in his driveway.  Because the vehicle had become stuck in the
driveway, Smith saw two individuals standing beside the vehicle, and he
recognized one of these people to be appellant due to appellant’s history of
burglaries.  Smith was able to determine
that the other person, Paula Mares, was the owner of the vehicle.  Smith asked Mares if he could search the
vehicle, and she gave Smith her consent. 
On the basis of this consent, Smith searched the passenger compartment
of the vehicle.  While Smith was
conducting this search, another officer discovered that there were warrants out
for appellant’s arrest.  However,
according to Smith, he placed appellant and Mares under arrest for criminal
trespass.  Incident to the arrests, Smith
searched the trunk of the vehicle where he located a laptop computer that
matched the serial number of the laptop taken from Isbell’s residence.

            Appellant
was indicted for the offense of burglary of a habitation, enhanced by three
prior felony convictions.  Before trial,
appellant filed a motion to suppress the laptop on the basis that it was
discovered as a result of an illegal search of the vehicle.  The trial court held a hearing on appellant’s
motion, at which Smith was the only witness. 
The trial court denied the motion. 
At trial, two letters written by appellant to Mares while appellant was
in jail awaiting trial were offered into evidence by the State.  These letters asked Mares to give a statement
to the police that she had bought the laptop from a “Somalian,” and to find an
alibi witness for appellant that would say that appellant was with them on the
morning of the 25th. 
Appellant objected to these letters on the basis that the prejudicial
effect of the letters substantially outweighs their probative value.  The trial court overruled appellant’s
objection and admitted the letters.  At
the close of evidence, the charge that the trial court gave the jury included
an instruction under article 38.23 of the Texas Code of Criminal
Procedure.  See Tex. Code Crim. Proc. Ann. art. 38.23
(West 2005).[1]  The State did not object to the inclusion of
this instruction.  The jury returned a
verdict of guilty.  After a punishment
hearing, the jury returned a verdict finding enhancement counts I and II true,
and assessing a sentence of 90 years incarceration.

            By
three issues, appellant appeals.  By his
first issue, appellant contends that the trial court erred in denying
appellant’s motion to suppress the laptop. 
By his second issue, appellant contends that there is insufficient
evidence to support the jury’s finding that the search leading to discovery of
the laptop was legal.  By his third
issue, appellant contends that the probative value of appellant’s letters to
Mares was substantially outweighed by the risk of unfair prejudice to
appellant.

Motion to Suppress

            By
his first issue, appellant contends that the trial court erred in denying his
motion to suppress.  Appellant focuses
his challenge on Deputy Smith’s testimony that the search of the trunk of the
vehicle that resulted in discovery of the laptop was conducted incident to
appellant’s arrest for criminal trespass. 
Appellant contends that, if the arrest of appellant for criminal
trespass was not legal, the search of the trunk incident to that arrest was
also illegal and evidence discovered as a result of that search should be
suppressed.  The State responds
contending that appellant did not have standing to challenge the search of the
trunk and that, even if appellant had standing, Mares voluntarily consented to
the search of the vehicle.

            Under
the Fourth Amendment of the United States Constitution, a warrantless search of
a person or their property is considered per se unreasonable subject to a “few
specifically defined and well established exceptions.”  McGee v. State, 105 S.W.3d 609, 615
(Tex.Crim.App. 2003) (quoting Minnesota v. Dickerson, 508 U.S. 366, 372,
113 S.Ct. 2130, 124 L.Ed.2d 334 (1993)). 
Initially, the burden rests on the defendant to show that he has
standing to challenge the search or seizure and that the search or seizure was
conducted without a warrant.  Handy v.
State, 189 S.W.3d 296, 298-99 (Tex.Crim.App. 2006).  If the defendant meets this initial burden,
then the State must meet the burden of proving an exception to the warrant
requirement.  See Hudson v.
State, 588 S.W.2d 348, 351 (Tex.Crim.App. 1979).  Among the exceptions to the warrant
requirement are searches and seizures conducted on the basis of voluntary
consent.  See Rayford v. State,
125 S.W.3d 521, 528 (Tex.Crim.App. 2003). 


            In
reviewing a trial court’s ruling on a motion to suppress, appellate courts must
give great deference to the trial court’s determination of historical facts and
assessment of witness credibility, while reviewing the trial court’s
application of the law to the facts de
novo.  Gonzalez-Gilando v. State,
306 S.W.3d 893, 895 (Tex.App.—Amarillo 2010, pet. ref’d).  A trial court’s ruling on a motion to
suppress will be upheld if it is supported by the record and is correct under
any theory of law applicable to the case. 
Armendariz v. State, 123 S.W.3d 401, 404 (Tex.Crim.App.
2003).  In making this determination, the
evidence must be viewed in the light most favorable to the trial court’s
ruling.  State v. Ross, 32 S.W.3d
853, 855 (Tex.Crim.App. 2000).

            Our
review of the record reveals that appellant did not have standing to challenge
the search of Mares’s vehicle.  Proof of
a reasonable expectation of privacy is at the forefront of all Fourth Amendment
claims.  Kothe v. State, 152
S.W.3d 54, 59 (Tex.Crim.App. 2004). 
Thus, any defendant seeking to suppress evidence obtained in violation
of the Fourth Amendment must first show that he personally had a reasonable
expectation of privacy that was invaded by the government.  Id. 
Only after a defendant has established his standing to complain of the
search or seizure may this Court consider whether he has suffered a substantive
Fourth Amendment violation.[2]  Id.

            The
record evidence establishes that appellant was a passenger in Mares’s
vehicle.  Appellant never claimed an
ownership or possessory interest in the vehicle.  Appellant was standing “within hearing
distance” when Mares gave Smith consent to search the vehicle, yet appellant
did not object to the search of the vehicle. 
A person who is aggrieved by an illegal search and seizure only through
introduction of damaging evidence secured by a search of a third party’s
property has not had his Fourth Amendment rights infringed.  Hughes v. State, 24 S.W.3d 833, 838
(Tex.Crim.App. 2000) (citing Rakas v. Illinois, 439 U.S. 128, 99 S.Ct.
421, 425, 58 L.Ed.2d 387 (1978)). 
Because appellant claims no possessory interest in Mares’s vehicle nor
of the laptop seized from within it, appellant does not have standing to
challenge the search of Mares’s vehicle under the Fourth Amendment.[3]  See id.

            Appellant
contends that the issue of standing is not properly before this Court because
either the State waived the issue by failing to raise it before the trial court
or because the trial court impliedly rejected appellant’s lack of standing when
it submitted an article 38.23 instruction to the jury.  The record reflects that the State expressly
raised the issue of appellant’s standing to challenge the search of Mares’s
vehicle during the hearing on the motion to suppress.  Further, because standing is an element of a
Fourth Amendment claim, the State may raise the issue of standing for the first
time on appeal.  See Kothe,
152 S.W.3d at 60.  Whether appellant has
standing to challenge the search of Mares’s vehicle is a question of law, which
this Court reviews de novo.  See Gonzalez-Gilando, 306
S.W.3d at 895.  Thus, to the extent that
the trial court’s submission of an article 38.23 instruction to the jury was an
implied finding that appellant had standing to challenge the search, we
conclude that the trial court erred in submitting the instruction.

            We
overrule appellant’s first issue.

Sufficiency of the Evidence
Supporting the Legality of the Search

            By
his second issue, appellant contends that the evidence was insufficient to
support the jury’s implied finding that the laptop was not obtained in
violation of the law.  Appellant contends
that the seizure of the laptop was the evidence from which all other evidence
in the case was obtained.[4]  However, as we addressed above, due to
appellant’s lack of standing to challenge the legality of the search of Mares’s
vehicle, the trial court erred in submitting the article 38.23 instruction to
the jury.  See State v. Tyson,
919 S.W.2d 900, 902-03 (Tex.App.—Eastland 1996) (quoting Fuller v. State,
829 S.W.2d 191, 201-02 (Tex.Crim.App. 1992)).

 

            We
overrule appellant’s second issue.

Admissibility of Letters

            By
his third issue, appellant contends that the probative value of two letters
that he sent to Mares while he was awaiting trial is substantially outweighed
by the danger of unfair prejudice and, therefore, the trial court abused its
discretion in allowing admission of the letters over appellant’s
objection.  The State responds that the
letters are probative of appellant’s consciousness of guilt for the charged
offense, and that their admission was not unfairly prejudicial.

            Texas
Rule of Evidence 403 favors admissibility of relevant evidence, and the
presumption is that relevant evidence will be more probative than
prejudicial.  Montgomery v. State,
810 S.W.2d 372, 389 (Tex.Crim.App. 1991) (op. on rehearing).  Review of a trial court’s ruling on a Rule
403[5]
objection is for abuse of discretion.  Id.
at 391.  An appellate court should not
reverse a trial court’s ruling that is within the zone of reasonable
disagreement.  Id.  

            Criminal
acts that are designed to reduce the likelihood of prosecution, conviction, or
incarceration for the charged offense are admissible under Rule 404(b) as
showing “consciousness of guilt.”  Ransom
v. State, 920 S.W.2d 288, 299 (Tex.Crim.App. 1996) (op. on rehearing).  Likewise, the probative value of a crime
showing consciousness of guilt may outweigh its prejudicial impact under Rule
403.  Id.  An attempt to tamper with a witness is
evidence of consciousness of guilt.  Wilson
v. State, 7 S.W.3d 136, 141 (Tex.Crim.App. 1999).

            One
of the letters in question requests Mares provide a false statement to police
that she bought the laptop, and also explains that Mares would only be charged
with a misdemeanor while appellant is facing a sentence of 25 years to
life.  The other letter requests Mares
find another person willing to provide appellant an alibi for February 25.  Appellant contends that the only probative
value of the letters is to prove appellant’s character as a criminal and to
imply that he committed the charged offense by acting in conformity with that
character.  We note that this is
precisely the harm sought to be avoided by Rule 404(b).  However, appellant did not object to the
letters on the basis of Rule 404(b).  It
is clear that these letters constitute attempts by appellant to hinder his prosecution
and, as such, are evidence of appellant’s consciousness of guilt.  We conclude that the probative value of the
letters, establishing appellant’s consciousness of guilt, was not substantially
outweighed by the danger of unfair prejudice. 
See Johnson v. State, 263 S.W.3d 405, 428-29
(Tex.App.—Waco 2008, pet. ref’d) (jailhouse phone call attempting to influence
witness statement and procure alibi witness probative of consciousness of guilt
and not substantially outweighed by danger of unfair prejudice).  Consequently, we conclude that the trial
court did not abuse its discretion in overruling appellant’s Rule 403
objection.

            We
overrule appellant’s third issue.

 

 

 

Conclusion

            Having
overruled each of appellant’s issues, we affirm the judgment of the trial
court.

                                                                                                Mackey
K. Hancock

                                                                                                            Justice








 

Do
not publish.  

 

 











[1] Further references
to provisions of the Texas Code of Criminal Procedure will be by reference to
“article ____.”





[2] Because we conclude
that appellant does not have standing to challenge the search resulting in the
seizure of the laptop, we are restrained from addressing the substantive issues
involved in the search.

 





[3] Appellant’s argument
may be construed to contend that the initial detention of appellant was not
supported by reasonable suspicion and, therefore, all subsequent events are
tainted as fruit of the poisonous tree.  See
Morfin v. State, 34 S.W.3d 664, 666-67 (Tex.App.—San Antonio 2000, no
pet.).  However, the record establishes
that, when Smith approached Mares’s vehicle, both occupants were outside the
vehicle that was stuck in the driveway. 
As such, Smith’s actions did not constitute a detention, see id.
at 667 (under the “community caretaking function” exception to the warrant
requirement, an officer may stop and assist a person that a reasonable person –
given the totality of the circumstances – would believe is in need of help),
regardless of Smith’s subjective intent to detain appellant and Mares to
investigate a suspected criminal trespass. 
See Williams v. State, 726 S.W.2d 99, 101 (Tex.Crim.App.
1986).

 

Further, the record
establishes that, prior to the arrest of appellant, Mares voluntarily consented
to Smith’s search of “her vehicle.”  In
addition, the evidence reveals that Mares specifically explained to Smith how
to open the trunk of the vehicle, thus, evidencing that Mares’s consent to
search extended to the trunk of the vehicle. 
See Pinkston v. State, 501 S.W.2d 317, 318 (Tex.Crim.App.
1973) (consent to search vehicle and handing keys to officer sufficient to
establish consent to search trunk of vehicle). 
That Smith subjectively believed that the search of the trunk was
authorized as an inventory search incident to arrest is of no import since the
search was legal based on Mares’s consent. 
See Williams, 726 S.W.2d at 101.





[4] We disagree with
appellant’s characterization of the significance of the laptop as the source of
all other incriminating evidence in this case. 
The testimony of appellant’s wife and John Hays, which links appellant
to the burglary, constitutes sufficient evidence of appellant’s guilt, and was
obtained from sources that were independent of the search resulting in the
discovery of the laptop.  See Autry
v. State, 626 S.W.2d 758, 764-65 (Tex.Crim.App. 1982).

 





[5] All references to
“Rule ___” are references to the Texas Rules of Evidence.