NO. 07-10-00471-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 1, 2011

---

DAVID ROBERT SANDOVAL, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

---

FROM THE 69TH DISTRICT COURT OF MOORE COUNTY;

NO. 4401; HONORABLE RON ENNS, JUDGE

---

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, David Robert Sandoval, appeals his conviction for the offense of burglary of a habitation, and sentence, enhanced by two prior felony convictions, of 90 years incarceration. We affirm.

Background

On February 25, 2010, Coty Isbell stopped by his house following his lunch break and discovered that his television and laptop computer were missing. Isbell called the police to report the crime. Because Isbell still had the paperwork from his purchase of these items, he was able to provide police with serial numbers for both the television

and laptop.  Police began investigating the suspected burglary, but were unable to find any physical evidence of the crime at Isbell's house.

On February 27, 2010, Deputy Rusty Smith received a phone call from another officer informing Smith that there might be someone trespassing on Smith's property. Smith went to his residence to investigate and noticed a vehicle in his driveway. Because the vehicle had become stuck in the driveway, Smith saw two individuals standing beside the vehicle, and he recognized one of these people to be appellant due to appellant's history of burglaries.  Smith was able to determine that the other person, Paula Mares, was the owner of the vehicle.  Smith asked Mares if he could search the vehicle, and she gave Smith her consent.  On the basis of this consent, Smith searched the passenger compartment of the vehicle.  While Smith was conducting this search, another officer discovered that there were warrants out for appellant's arrest.  However, according to Smith, he placed appellant and Mares under arrest for criminal trespass. Incident to the arrests, Smith searched the trunk of the vehicle where he located a laptop computer that matched the serial number of the laptop taken from Isbell's residence.

Appellant was indicted for the offense of burglary of a habitation, enhanced by three prior felony convictions.  Before trial, appellant filed a motion to suppress the laptop on the basis that it was discovered as a result of an illegal search of the vehicle. The trial court held a hearing on appellant's motion, at which Smith was the only witness.  The trial court denied the motion.  At trial, two letters written by appellant to Mares while appellant was in jail awaiting trial were offered into evidence by the State.

2

These letters asked Mares to give a statement to the police that she had bought the laptop from a "Somalian," and to find an alibi witness for appellant that would say that appellant was with them on the morning of the 25th. Appellant objected to these letters on the basis that the prejudicial effect of the letters substantially outweighs their probative value. The trial court overruled appellant's objection and admitted the letters. At the close of evidence, the charge that the trial court gave the jury included an instruction under article 38.23 of the Texas Code of Criminal Procedure. See TEX. CODE CRIM. PROC. ANN. art. 38.23 (West 2005).[1] The State did not object to the inclusion of this instruction. The jury returned a verdict of guilty. After a punishment hearing, the jury returned a verdict finding enhancement counts I and II true, and assessing a sentence of 90 years incarceration.

By three issues, appellant appeals. By his first issue, appellant contends that the trial court erred in denying appellant's motion to suppress the laptop. By his second issue, appellant contends that there is insufficient evidence to support the jury's finding that the search leading to discovery of the laptop was legal. By his third issue, appellant contends that the probative value of appellant's letters to Mares was substantially outweighed by the risk of unfair prejudice to appellant.

Motion to Suppress

By his first issue, appellant contends that the trial court erred in denying his motion to suppress. Appellant focuses his challenge on Deputy Smith's testimony that

_____

[1] Further references to provisions of the Texas Code of Criminal Procedure will be by reference to "article ____."

3

the search of the trunk of the vehicle that resulted in discovery of the laptop was conducted incident to appellant's arrest for criminal trespass. Appellant contends that, if the arrest of appellant for criminal trespass was not legal, the search of the trunk incident to that arrest was also illegal and evidence discovered as a result of that search should be suppressed. The State responds contending that appellant did not have standing to challenge the search of the trunk and that, even if appellant had standing, Mares voluntarily consented to the search of the vehicle.

Under the Fourth Amendment of the United States Constitution, a warrantless search of a person or their property is considered per se unreasonable subject to a "few specifically defined and well established exceptions." McGee v. State, 105 S.W.3d 609, 615 (Tex.Crim.App. 2003) (quoting Minnesota v. Dickerson, 508 U.S. 366, 372, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993)). Initially, the burden rests on the defendant to show that he has standing to challenge the search or seizure and that the search or seizure was conducted without a warrant. Handy v. State, 189 S.W.3d 296, 298-99 (Tex.Crim.App. 2006). If the defendant meets this initial burden, then the State must meet the burden of proving an exception to the warrant requirement. See Hudson v. State, 588 S.W.2d 348, 351 (Tex.Crim.App. 1979). Among the exceptions to the warrant requirement are searches and seizures conducted on the basis of voluntary consent. See Rayford v. State, 125 S.W.3d 521, 528 (Tex.Crim.App. 2003).

In reviewing a trial court's ruling on a motion to suppress, appellate courts must give great deference to the trial court's determination of historical facts and assessment of witness credibility, while reviewing the trial court's application of the law to the facts

4

*de novo.* Gonzalez-Gilando v. State, 306 S.W.3d 893, 895 (Tex.App.—Amarillo 2010, pet. ref'd). A trial court's ruling on a motion to suppress will be upheld if it is supported by the record and is correct under any theory of law applicable to the case. Armendariz v. State, 123 S.W.3d 401, 404 (Tex.Crim.App. 2003). In making this determination, the evidence must be viewed in the light most favorable to the trial court's ruling. State v. Ross, 32 S.W.3d 853, 855 (Tex.Crim.App. 2000).

Our review of the record reveals that appellant did not have standing to challenge the search of Mares's vehicle. Proof of a reasonable expectation of privacy is at the forefront of all Fourth Amendment claims. Kothe v. State, 152 S.W.3d 54, 59 (Tex.Crim.App. 2004). Thus, any defendant seeking to suppress evidence obtained in violation of the Fourth Amendment must first show that he personally had a reasonable expectation of privacy that was invaded by the government. Id. Only after a defendant has established his standing to complain of the search or seizure may this Court consider whether he has suffered a substantive Fourth Amendment violation.[2] Id.

The record evidence establishes that appellant was a passenger in Mares's vehicle. Appellant never claimed an ownership or possessory interest in the vehicle. Appellant was standing "within hearing distance" when Mares gave Smith consent to search the vehicle, yet appellant did not object to the search of the vehicle. A person who is aggrieved by an illegal search and seizure only through introduction of damaging evidence secured by a search of a third party's property has not had his Fourth

---

[2] Because we conclude that appellant does not have standing to challenge the search resulting in the seizure of the laptop, we are restrained from addressing the substantive issues involved in the search.

5

Amendment rights infringed. Hughes v. State, 24 S.W.3d 833, 838 (Tex.Crim.App. 2000) (citing Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 425, 58 L.Ed.2d 387 (1978)). Because appellant claims no possessory interest in Mares's vehicle nor of the laptop seized from within it, appellant does not have standing to challenge the search of Mares's vehicle under the Fourth Amendment.[3] See id.

Appellant contends that the issue of standing is not properly before this Court because either the State waived the issue by failing to raise it before the trial court or because the trial court impliedly rejected appellant's lack of standing when it submitted an article 38.23 instruction to the jury. The record reflects that the State expressly raised the issue of appellant's standing to challenge the search of Mares's vehicle during the hearing on the motion to suppress. Further, because standing is an element of a Fourth Amendment claim, the State may raise the issue of standing for the first time

_____

[3] Appellant's argument may be construed to contend that the initial detention of appellant was not supported by reasonable suspicion and, therefore, all subsequent events are tainted as fruit of the poisonous tree. See Morfin v. State, 34 S.W.3d 664, 666-67 (Tex.App.—San Antonio 2000, no pet.). However, the record establishes that, when Smith approached Mares's vehicle, both occupants were outside the vehicle that was stuck in the driveway. As such, Smith's actions did not constitute a detention, see id. at 667 (under the "community caretaking function" exception to the warrant requirement, an officer may stop and assist a person that a reasonable person – given the totality of the circumstances – would believe is in need of help), regardless of Smith's subjective intent to detain appellant and Mares to investigate a suspected criminal trespass. See Williams v. State, 726 S.W.2d 99, 101 (Tex.Crim.App. 1986).

Further, the record establishes that, prior to the arrest of appellant, Mares voluntarily consented to Smith's search of "her vehicle." In addition, the evidence reveals that Mares specifically explained to Smith how to open the trunk of the vehicle, thus, evidencing that Mares's consent to search extended to the trunk of the vehicle. See Pinkston v. State, 501 S.W.2d 317, 318 (Tex.Crim.App. 1973) (consent to search vehicle and handing keys to officer sufficient to establish consent to search trunk of vehicle). That Smith subjectively believed that the search of the trunk was authorized as an inventory search incident to arrest is of no import since the search was legal based on Mares's consent. See Williams, 726 S.W.2d at 101.

on appeal. See Kothe, 152 S.W.3d at 60. Whether appellant has standing to challenge the search of Mares's vehicle is a question of law, which this Court reviews *de novo.* See Gonzalez-Gilando, 306 S.W.3d at 895. Thus, to the extent that the trial court's submission of an article 38.23 instruction to the jury was an implied finding that appellant had standing to challenge the search, we conclude that the trial court erred in submitting the instruction.

We overrule appellant's first issue.

Sufficiency of the Evidence Supporting the Legality of the Search

By his second issue, appellant contends that the evidence was insufficient to support the jury's implied finding that the laptop was not obtained in violation of the law. Appellant contends that the seizure of the laptop was the evidence from which all other evidence in the case was obtained.[4] However, as we addressed above, due to appellant's lack of standing to challenge the legality of the search of Mares's vehicle, the trial court erred in submitting the article 38.23 instruction to the jury. See State v. Tyson, 919 S.W.2d 900, 902-03 (Tex.App.—Eastland 1996) (quoting Fuller v. State, 829 S.W.2d 191, 201-02 (Tex.Crim.App. 1992)).

---

[4] We disagree with appellant's characterization of the significance of the laptop as the source of all other incriminating evidence in this case. The testimony of appellant's wife and John Hays, which links appellant to the burglary, constitutes sufficient evidence of appellant's guilt, and was obtained from sources that were independent of the search resulting in the discovery of the laptop. See Autry v. State, 626 S.W.2d 758, 764-65 (Tex.Crim.App. 1982).

7

We overrule appellant's second issue.

## Admissibility of Letters

By his third issue, appellant contends that the probative value of two letters that he sent to Mares while he was awaiting trial is substantially outweighed by the danger of unfair prejudice and, therefore, the trial court abused its discretion in allowing admission of the letters over appellant's objection. The State responds that the letters are probative of appellant's consciousness of guilt for the charged offense, and that their admission was not unfairly prejudicial.

Texas Rule of Evidence 403 favors admissibility of relevant evidence, and the presumption is that relevant evidence will be more probative than prejudicial. Montgomery v. State, 810 S.W.2d 372, 389 (Tex.Crim.App. 1991) (op. on rehearing). Review of a trial court's ruling on a Rule 403[5] objection is for abuse of discretion. Id. at 391. An appellate court should not reverse a trial court's ruling that is within the zone of reasonable disagreement. Id.

Criminal acts that are designed to reduce the likelihood of prosecution, conviction, or incarceration for the charged offense are admissible under Rule 404(b) as showing "consciousness of guilt." Ransom v. State, 920 S.W.2d 288, 299 (Tex.Crim.App. 1996) (op. on rehearing). Likewise, the probative value of a crime showing consciousness of guilt may outweigh its prejudicial impact under Rule 403. Id. An attempt to tamper with a witness is evidence of consciousness of guilt. Wilson v. State, 7 S.W.3d 136, 141 (Tex.Crim.App. 1999).

---

[5] All references to "Rule ___" are references to the Texas Rules of Evidence.

One of the letters in question requests Mares provide a false statement to police that she bought the laptop, and also explains that Mares would only be charged with a misdemeanor while appellant is facing a sentence of 25 years to life. The other letter requests Mares find another person willing to provide appellant an alibi for February 25. Appellant contends that the only probative value of the letters is to prove appellant's character as a criminal and to imply that he committed the charged offense by acting in conformity with that character. We note that this is precisely the harm sought to be avoided by Rule 404(b). However, appellant did not object to the letters on the basis of Rule 404(b). It is clear that these letters constitute attempts by appellant to hinder his prosecution and, as such, are evidence of appellant's consciousness of guilt. We conclude that the probative value of the letters, establishing appellant's consciousness of guilt, was not substantially outweighed by the danger of unfair prejudice. See Johnson v. State, 263 S.W.3d 405, 428-29 (Tex.App.—Waco 2008, pet. ref'd) (jailhouse phone call attempting to influence witness statement and procure alibi witness probative of consciousness of guilt and not substantially outweighed by danger of unfair prejudice). Consequently, we conclude that the trial court did not abuse its discretion in overruling appellant's Rule 403 objection.

We overrule appellant's third issue.

Conclusion

Having overruled each of appellant's issues, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Do not publish.